GRIMES, Chief Judge.
This is an appeal from a summary judgment exonerating a surety company from liability to the appellants.
Jones & Braido, Inc. (contractor) entered into a contract to build a condominium apartment project for Buckel Corp. (developer). After the completion of construction and the sale of the apartment units as condominiums, the developer and the condominium association sued the contractor for damages allegedly due to faulty construction. The complaint contained no allegations that the contractor had failed to pay for labor or materials incorporated into the project. Appellants joined Fidelity & Deposit Company of Maryland (surety) as a defendant.
A copy of a bond issued by the surety was attached to the complaint. The bond is a printed form of payment bond written for the contractor with respect to the construction of the project. While the complaint calls it a performance bond, nothing in the bond suggests that it is anything more than a payment bond except for the handwritten interlineation “& Performance” placed after the printed title “Payment Bond.” However, the surety, in its answer, not only admits the allegation that it issued a performance bond but specifically makes such a statement in an affirmative defense.
*825 The surety successfully moved for summary judgment on the ground that the bond provided that no suit could be brought on the bond after one year “from the performance of the labor or completion of delivery of the materials and supplies.” The complaint affirmatively showed that the construction had been completed more than a year prior to the filing of the suit.
We are thus faced with a dilemma: the complaint characterizes as a performance bond that which is obviously only a payment bond, yet the answer admits the execution of a payment and performance bond. There is nothing to tell us how the handwritten reference to performance happened to appear upon the copy of the bond attached to the complaint, and the record does not reflect whether a premium for a performance bond was paid. In view of the fact that this case reaches us on summary judgment, we believe it prudent to reverse so as to permit the true facts to be developed.
As it now stands, the complaint does not state a cause of action against the surety. Merely calling a payment bond a performance bond cannot make it so. There are no allegations that the handwritten reference to performance was added at the time of the execution of the bond or that the parties agreed that a formal performance bond would be forthcoming. Therefore, the appellants should be permitted to amend their complaint to add such additional facts as they might be able to prove in order to determine if they can state a cause of action. By the same token, the surety should not be held to its original pleadings which admit the existence of a performance bond but should be permitted to file an amended answer asserting the facts it believes to be correct.
REVERSED and REMANDED.
HOBSON and SCHEB, JJ., concur.