384 So.2d 265 (1980)
GRIFFIN BUILDERS SUPPLY, INC., Appellant,
v.
Ruth JONES, Appellee.
No. 79-912.
District Court of Appeal of Florida, Second District.
June 6, 1980.
Robert G. Jacobson of Farr, Farr, Haymans, Moseley, Odom & Emerich, Port Charlotte, for appellant.
Robert J. Norton of Norton & Marryott, Punta Gorda, for appellee.
*266 RYDER, Judge.
Griffin Builders Supply, Inc. appeals the grant of summary judgment to appellee Jones, alleging that material issues of disputed facts remain regarding the effect of a release signed by appellant's representative. We agree.
Appellant and appellee allegedly entered into an oral contract for appellant to build a house for appellee in return for costs plus an agreed profit of $3,817.62. After substantially completing construction, appellant's supervisor executed a contractor's affidavit to obtain the remainder of mortgage proceeds from Coast Federal Savings and Loan Association. The affidavit stated:
That in addition to the above listed amounts, if any, there is now due said contractor the final payment in full on said improvements in the sum of $7,506.25; or any amount due or to become due thereunder; that payment to said contractor of said sums shall constitute a full release by said contractor of any and all claims arising out of said contract.
Appellant accepted the $7,506.25. Bloomport, appellant's supervisor, averred by affidavit that he gave Coast Federal, as appellee's agent, the affidavit only to obtain the money and did not intend that the document release appellee from further payment under the contract. The alleged costs plus agreed profit exceeded payments by $3,757.33 after the final mortgage payment was made, and appellant sought that additional amount from appellee. We reject the contention of appellant's supervisor, since a releasor cannot avoid the effect of a release by stating that he did not read it before signing. See Florida East Coast Ry. Co. v. Thompson, 93 Fla. 30, 111 So. 525 (1927); 66 Am.Jur.2d Release § 15 (1973).
The affidavit provides for the final payment of the mortgage proceeds to appellant to be a full release of claims from the contract with appellee. Appellant urges that inclusion of the phrase "or any amount due or to become due thereunder" implies that later payments could be required. The release is ambiguous, since the language "or any amount due or to become due" implies that further payments may be anticipated, while the words "final payment in full" imply general release.
We have held that an ambiguous contract creates genuine issues of material fact as to the correct interpretation of the contract, thus precluding summary judgment. Tampa Electric Co. v. Florida Power Corp., 267 So.2d 110 (Fla. 2d DCA 1972). See Buckel Corp. v. Fidelity & Deposit Co. of Maryland, 370 So.2d 824 (Fla. 2d DCA 1979). When the wording of an agreement is ambiguous and parties suggest different interpretations, the issue of proper interpretation becomes one of fact precluding grant of summary judgment. Westchester Fire Ins. Co. v. In-sink-erator, 252 So.2d 856 (Fla. 4th DCA 1971); Commercial Trading Co. v. Zero Food Storage, Inc., 199 So.2d 109 (Fla. 3d DCA 1967).
The release considered below was ambiguous and thus created genuine issues of material fact. The summary judgment is REVERSED, and the case REMANDED for further proceedings.
GRIMES, C.J., and BOARDMAN, J., concur.