HERSEY, Judge.
The final summary judgment which is the subject of this appeal construed a Declaration of Use Restrictions in favor of the plaintiff class and determined that there was no genuine issue as to any material fact. In so ruling the trial court necessarily found the Declaration was clear and unambiguous on its face, precluding the admission of extrinsic evidence as to its appropriate interpretation.
The trial court made three specific findings, any one of which, if supportable, would justify a judgment in favor of appel-lee as a matter of law.
The court found that while the Declaration imposed a duty to use parcels described in Exhibits A, B, and C of the Declaration *560 for recreational purposes, it failed to impose a corresponding duty to utilize those facilities (and thus to pay a monthly fee) oh property owners subsequently acquiring an interest in the real property described in Exhibits 1, 2, and 3 of the Declaration. Appellants argued in the trial court and maintain here that paragraph 7 of the Declaration imposes such a duty. We agree that the matter is not sufficiently clear to justify summary disposition. Where each of the parties suggests a different but reasonable interpretation of the language of the Declaration on this point, the issue is one of fact which precludes summary judgment. Griffin Builders Supply, Inc. v. Jones, 384 So.2d 265 (Fla. 2d DCA 1980).
The court further found that the use restrictions apply only to “apartments or condominium units and the residences being constructed [on parcels described in Exhibits 1, 2 or 3] consist of fee simple, single family townhouses,” and thus they could not be applied to appellee’s property even if a duty was otherwise imposed as to these parcels. We note first that the Declaration creates burdens and duties for the benefit of “owners of property.” It is therefore not clear that a single family residence would avoid the use restriction. Of equal importance, is our conclusion that “apartment” and “townhouse” are not, as a matter of law, mutually exclusive terms. This finding too presents a matter requiring evidence for clarification, certainly as to the respective meanings of the terms and perhaps, depending upon the outcome of that inquiry, as to the intention of the parties.
The third finding of the trial court is that such restrictions, even if they applied to property located on one of the lots described in Exhibits 1, 2 or 3, and even if they applied to a townhouse, could not be availed of by appellants because of language in the Declaration to the effect that only a condominium corporation or association may enforce the restrictions. The language on which this conclusion rests is permissive only; it provides that the restrictions “may be enforced by [a condominium corporation or association etc.]” and does not purport to delineate or grant an exclusive right of enforcement to those bodies.
. We conclude that genuine issues of material fact are raised by the complaint for declaratory relief which were not put to rest by the pleadings and evidence before the trial court, requiring that we reverse the summary final judgment and remand for further proceedings.
REVERSED and REMANDED.
LETTS, C.J., and DELL, J., concur.