LETTS, Chief Judge.
This is an appeal from a final summary judgment construing provisions in a written contract. We reverse.
In order to secure a two hundred and seventy-five thousand dollar letter of credit, a written contract was prepared by the appellees’ attorney which provided that the appellants would in effect underwrite that amount in return for an “additional sum of eighty thousand dollars.” The appellants, who were perfectly willing to pay the eighty thousand dollars no matter what its label, ultimately and predictably refused to pay it contending that it constituted a usurious loan. An action was then brought to determine the parties’ contractual rights and the appellees moved for a summary judgment requesting the court to agree that the terms of the written contract contemplated a risk venture of eighty thousand dollars not a loan. The trial court decided that the agreement did indeed contemplate a risk venture and entered a judgment in favor of the appellees for three hundred and fifty-five thousand dollars.
We have reviewed the contract in question and conclude that there is ambiguity about whether the sum of eighty thousand dollars constituted interest, a fee or a profit return as a result of “risk venture.” Where the terms of a contract are ambiguous and cast doubt upon the parties’ intent, this intent must be determined by the trier of fact upon a trial and is not a matter to be disposed of by summary judgment. Bankers Ins. Service Corp. v. Southeastern Home Mtg. Co., 363 So.2d 401 (Fla. 4th DCA 1978); Griffin Builders Supply, Inc. v. Jones, 384 So.2d 265 (Fla. 2d DCA 1980).
REVERSED AND REMANDED IN ACCORDANCE HEREWITH.
DOWNEY and GLICKSTEIN, JJ., concur.