438 So.2d 67 (1983)
GULFSTREAM BANK, N.A., Appellant,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellee.
No. 83-402.
District Court of Appeal of Florida, Fourth District.
August 31, 1983.
Rehearing Denied October 12, 1983.
Frank J. Sinagra of Britton, Cohen, Kaufman & Schantz, P.A., Fort Lauderdale, for appellant.
Timothy P. Beavers of Ferrero, Middlebrooks & Strickland, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellant, Gulfstream Bank, N.A., seeks reversal of a partial summary judgment entered in favor of appellee, Barnett Bank of South Florida, N.A., in a suit instituted by Barnett for breach of contract.
The undisputed facts are that Gulfstream's predecessor, First Bank & Trust Company of Boca Raton, and Barnett entered into a contract, dated July 27, 1979, wherein Barnett agreed to purchase certain Visa and Mastercharge accounts from Gulfstream. Among other things, the Agreement provided:
Barnett shall hold First Bank harmless and First Bank shall not be responsible for merchant losses on merchants approved by Barnett subject to an agreement that First Bank shall exercise its best efforts to collect such losses.
*68 In addition, the Agreement provided that the parties would subsequently enter into a Standard Agent-Bank Agreement, an unexecuted copy of which was attached to the Agreement of July 27, 1979. Gulfstream was the contractual Agent and Barnett was the Bank. One of the covenants of the Standard Agent-Bank Agreement provided:
Bank's acceptance of the sales drafts and cash advance drafts from Agent will be without recourse against Agent, except Bank shall have the right to charge back to Agent those drafts with respect to which Bank would have the right to charge back to a Merchant under the terms of Bank's standard merchant agreement in effect from time to time... .
One of Gulfstream's merchant bank card holders deposited fraudulent Visa and Mastercharge sales drafts in its merchant account at Gulfstream. Barnett notified Gulfstream of its right to charge back the amount of those fraudulent sales drafts against Gulfstream, but Gulfstream refused to accept the chargeback and this litigation ensued.
Gulfstream contended below that an ambiguity exists in the contracts because in one place it appears Barnett is to hold Gulfstream harmless on any merchant losses incurred after the inception of the contractual relationship between the parties. Yet another provision clearly states that Barnett is entitled to charge back against Gulfstream any drafts that Barnett could charge back against a merchant under the Bank's standard merchant agreement. In order to determine the intent of the parties, Gulfstream sought to adduce extrinsic evidence in the form of a deposition of one of Gulfstream's officers, which explains what the parties intended by the various contractual provisions. The trial court refused to consider any extrinsic evidence regarding the intention of the parties because it was felt the contracts were not ambiguous.
We agree with appellant's analysis of the contracts and hold that they are ambiguous. Under these circumstances summary judgment was inappropriate. As the court stated in Griffin Builders Supply, Inc. v. Jones, 384 So.2d 265, 266 (Fla. 2d DCA 1980):
When the wording of an agreement is ambiguous and parties suggest different interpretations, the issue of proper interpretation becomes one of fact precluding grant of summary judgment.
For the foregoing reasons the partial summary judgment appealed from is reversed and the cause is remanded for further proceedings.
REVERSED AND REMANDED, with directions.
HERSEY and DELL, JJ., concur.