MILLS, Judge.
Lucy Quick, for herself and for her minor son, appeals from entry of final summary judgment in favor of State Farm in her counterclaim against it for coverage of damages suffered in an automobile accident. We affirm.
Lucy and her son were injured in February 1984 when their car struck a bull which had wandered into the roadway from a stock farm through which the road trav-elled. She sued the three trusts which owned the land as well as the long-time lessees thereof, who actually operated the stock farm.
In March 1982, State Farm had issued a “general liability policy” on which the three trusts as owners appeared as the “named insureds” and which was in effect on the date of the accident. The first page of such policies lists numerous categories of general liability insurance; the trusts’ policy indicated that an advance premium had been accepted in the category of “Owners,’ Landlords’ and Tenants’ Liability Insurance.” The location of the insured premises was described as “Capitola Stock Farm State Road # 364.” However, an endorsement to the policy provided that “[t]he insurance does not apply to bodily injury ... arising out of the ownership, maintenance or use, or any operations necessary or incidental thereto, of any portion of the insured premises on which a trade, profession or business is conducted or which is designed or held for such purposes.” (emphasis supplied)
After the Quicks filed suit, State Farm initiated a declaratory judgment action which would construe the policy and determine the rights and liabilities of State Farm, the trusts, the lessees and the Quicks thereunder; the latter three groups were named as defendants. The Quicks filed a counterclaim against State Farm *910 and cross-claims against the trusts and lessees for damages allegedly resulting from negligent maintenance of the fences surrounding the land; the trusts were voluntarily dismissed before entry of the summary judgment on behalf of State Farm, pursuant to its motion arguing that there was no factual issue as to coverage. The motion was correctly granted.
Summary judgment is appropriate when it is shown that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982). Although summary judgment is precluded when the wording of a contract is ambiguous and the parties suggest differing interpretations, Gulfstream Bank, N.A. v. Barnett Bank of South Florida, N.A., 438 So.2d 67 (Fla. 4th DCA 1983), there is no ambiguity in the contract herein.
Appellants first rely on the indication that the policy was for “owners’, landlords’ and tenants’ liability insurance”. This isolated provision cannot be considered as determinative on the question of coverage; rather the entire contract must be construed. Ellenwood v. Southern United Life Insurance Co., 373 So.2d 392, 395 (Fla. 1st DCA 1979). For example, the “named insureds,” a restrictive term which does not apply to persons not specifically named, Southeastern Fidelity Insurance Co. v. Suwannee Lumber Manufacturing Co., Inc., 411 So.2d 950 (Fla. 1st DCA 1982), are the trusts. Further, the context of the indicated phrase simply shows an intent to categorize the general liability policy being purchased; it does not indicate that all three types within the category are covered, especially in light of the fact that the trusts are classified on the face of the policy as “owners” only. Therefore, no patent ambiguities exist.
Appellants also contend that a latent ambiguity precludes summary judgment, namely that, because the trusts do not operate the stock farm, if the operations of that farm are not covered, the coverage is meaningless. We disagree, finding that the reservation to the trusts by the lease agreement of rights to use the land exposes them to liability for which the policy would be necessary.
Assuming arguendo that there are ambiguities in the policy sufficient to confer coverage on the lessees, there is unambiguous language in the endorsement thereto which excludes coverage of bodily injury arising out of the use of the insured premises to conduct a “trade, profession or business.” The Quicks did not and do not allege that stock farming is not included within the meaning of this exclusion or that the provision would not prevent coverage of their injury. Therefore, the trial court was correct as a matter of law in determining that there was no factual issue as to coverage, whether based on a finding that the lessees were not covered by the policy or on the policy’s unambiguous exclusion of the type of injury alleged.
Affirmed.
WENTWORTH and NIMMONS, JJ., concur.