SMITH, Chief Judge.
Appellant, Couch Construction Company (Couch), appeals the summary judgment finding no issues of fact and that as a matter of law, the cause was barred by res judicata. We reverse.
Couch contracted with the appellee, Department of Transportation (DOT), to widen Dale Mabry Highway in Tampa, Florida. Among other things, the contract provided that DOT was to relocate water and sewer utilities at the project site. Couch subcontracted with Kimmins to lay a drainage system in the improved area. This contract also provided that Couch would present on Kimmins’ behalf any claims it had against DOT. DOT failed to timely remove the utilities, and Couch brought suit (Circuit Court Case No. 85-696), seeking declaratory relief, termination of its contract with DOT, and compensatory damages for the delays caused by DOT’S breach. Although the trial court found that DOT had in fact breached the contract, it refused to terminate the contract. Instead, the trial court modified the contract by extending the time allotted for Couch to complete its work. The trial court also awarded Couch damages for the delay.
Subsequently, Couch filed the instant suit against DOT, this time for the benefit of Kimmins (Circuit Court Case No. 86-2204). Like Couch, Kimmins had incurred damages due to DOT’S failure to relocate utilities. Among others, DOT raised the defense of res judicata. Couch filed a motion for partial summary judgment on the affirmative defenses raised; DOT likewise filed a motion for summary judgment, asserting the doctrines of collateral estoppel and res judicata. The trial court took these filings and stipulations as indicating no genuine issues of material fact regarding *632 the defense of res judicata existed. This was in error.
Cross-motions for summary judgment do not mean in themselves that no genuine issue of fact exists. West Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla.1958). While it is true that a party may not seek summary judgment asserting there is no issue of fact with regards to a specific question and then take a contrary position on appeal, Daniel Laurent, Inc. v. Coral Television Corp., 431 So.2d 1047 (Fla. 3rd DCA 1983), neither party in this appeal is taking a position contrary to that taken in their respective motions for summary judgment.
Furthermore, the summary judgment was also improper in this case because not all of the four essential requirements of res judicata are present. In order for a suit to serve as a bar against a later one, four identities must be shown: (1) identity of the persons or parties; (2) identities of the quality or capacity of the person for whom the claim is made; (3) identity of the causes of action; and (4) identity of the things sued for in each suit. Albrecht v. State, 444 So.2d 8 (Fla.1984).
Although dealing with parties having status or relationships differing from those present here, a number of cases have found a lack of identity of the quality or capacity of the parties suing sufficient to defeat the defense of res judicata, for example: Youngblood v. Taylor, 89 So.2d 503 (Fla.1956) (unsuccessful suit by father on behalf of his son as a next friend against driver causing son’s injuries did not bar father’s later action on his own behalf to recover damages recoverable by father based on same negligent conduct); Jacksonville Terminal Company v. Hodge, 260 So.2d 521 (Fla. 1st DCA 1972), cert. denied, 409 U.S. 980, 93 S.Ct. 311, 34 L.Ed.2d 243 (1972) (prior unsuccessful wrongful death action by widow against railroad on theory husband had not commenced his employment on night of accident did not bar subsequent action by widow as administratrix of husband’s estate under Federal Employers’ Liability Act); Newport Division, Tenneco Chem., Inc. v. Thompson, 330 So.2d 826 (Fla. 1st DCA 1976) (summary judgment of no liability in wrongful death action grounded on res judicata defense reversed where, although parties in later survival actions were also parties in the earlier death action, it did not appear that the persons beneficially interested in the decedents' estates were parties in the prior death actions).
Here, it is clear that there is no identity of the quality or capacity of the person for whom the claim is made in this suit and the earlier one brought by Couch. The first suit was brought by Couch, seeking redress only for its own damages. The second suit was filed pursuant to its contract obligations for the exclusive benefit of Kimmins, seeking redress only for Kim-mins’ damages.
Furthermore, the application of res judi-cata would be most inequitable since at the time the initial suit was filed, and at the time the case was tried, Kimmins had not yet completed work on the highway expansion project. Thus, Kimmins’ damages were neither complete nor fully calculable. When conditions intervene before the second suit so as to create a new basis of claims and defenses, res judicata will not apply. See Bondy v. Gurvich, 473 So.2d 1307 (Fla. 3rd DCA 1984), rev. denied, 484 So.2d 7 (Fla.1986); Hialeah Race Course, Inc. v. Gulf Stream Park Racing Association, 210 So.2d 750 (Fla. 4th DCA 1968). The department’s argument that Couch should have submitted claims in behalf of Kimmins as well as its own in the first action, is unpersuasive. DOT was well aware during the prior litigation that Kim-mins’ separate claims were not ripe for adjudication and were in fact in the process of being recalculated by Kimmins at DOT’S request.
Accordingly, the summary judgment is REVERSED and the cause is REMANDED for further proceedings.
ZEHMER and BARFIELD, JJ„ concur.