PER CURIAM.
Appellants, plaintiffs below, challenge an adverse summary judgment entered on res judicata grounds in an action involving *1121 defendant’s alleged breach of a “liability agreement.” We find merit in appellants’ argument and, accordingly, reverse.
Appellants Apstein and Galvalisi are the principal shareholders of Melstine Corporation (Corporation). Mehnert is a third shareholder. Appellee Tower Investments of Miami, Inc. (defendant below) and Corporation were joint venturers regarding improved real property located in Miami. The joint venture property was subject to a mortgage in favor of Citibank, which mortgage (and note) had been executed by Corporation as agent for the joint venturers, and the property was managed by the Or-zeeh Brady Group (Orzech/Brady). In January, 1981, appellants entered into an agreement (to be known as the Citibank liability agreement) with appellee and Or-zech/Brady, under which appellee and Or-zech/Brady undertook “to be responsible for the payment of all interests and carrying costs” on the Citibank mortgage “and to be the only parties responsible for the repayment of this mortgage.” When ap-pellee failed to make payments on the note, the note went into default and Citibank instituted foreclosure proceedings. Citibank agreed to hold off on its foreclosure action for six months, however, provided it was paid on the note during that time. When appellee refused to pay its share of the amounts due during the six-month “hold off” period, Apstein, acting in an individual capacity and as trustee for Gal-valisi, lent certain monies to Corporation for payment to Citibank on appellee’s behalf, in exchange for which Corporation executed a note in favor of appellants secured by the “Apstein mortgage.” The other Corporation shareholder, Mr. Meh-nert, also acting both individually and as a trustee, likewise lent monies to Corporation on appellee’s behalf, in exchange for which he too received a note in his favor secured by the “Mehnert mortgage.” At the end of the six-month period, when Citibank sought to complete its foreclosure action, appellants and Mehnert lent more monies to Corporation, which sums were also secured under their respective earlier mortgages, and Corporation satisfied the Citibank mortgage.
In January of 1983, Corporation brought a partition suit against appellee seeking to dissolve the joint venture because of appel-lee’s failure to make capital contributions towards the Citibank note and mortgage. In April of 1983, appellants and Mehnert filed their amended foreclosure action against both Corporation and appellee as a result of Corporation’s August, 1982, default on both the Apstein and the Mehnert notes and mortgages. Appellee was joined as a defendant in the foreclosure suit not because of any alleged liability directly on the notes and mortgages, but rather because it still owned a twenty-five percent interest in the joint venture, and thus, in the joint venture property. In December of 1983, appellants, Mehnert, Corporation and appellee entered into a settlement agreement regarding the partition and the foreclosure actions under which, inter alia, the foreclosure'action was dismissed with prejudice as to appellee because of appel-lee’s execution of a deed in lieu of foreclosure conveying its portion of the joint venture property to Corporation.
Appellants filed the subject suit in January of'1985, against appellee seeking damages for breach of the 1981 Citibank liability agreement. Appellee counterclaimed and filed a third party complaint against Corporation for indemnity and other relief. Appellee moved for summary judgment, claiming that appellants’ suit was barred by the doctrine of res judicata. Appellee contended, in essence, that based upon the legal relationships prevailing among all the parties to the respective partition and foreclosure suits, and based upon the causes of actions underlying those suits, all the parties and/or their privies involved in the subject lawsuit have also been involved in the earlier suits, and that the pleadings in those earlier suits, taken in conjunction with the settlement agreement, have already put into contention all the issues involved in the suit underlying this appeal. Appellants’ opposing memorandum asserted, in essence, that the subject action involved distinct causes of action from those dealt with in the partition and the foreclosure cases. The trial court ultimately *1122 granted appellee’s motion in February, 1988 and this appeal follows.
The record reflects the parties’ obviously divergent views regarding the purpose of and effect to be given to the “agreement” entered into between them in “settlement” of the partition and foreclosure suits. It is equally obvious that these differing views cut to the quick of this appeal. The lower court must resolve the genuine issues of material fact which these differing views evidence — specifically, the capacity in which appellants, appellee, Corporation and Mehnert acted, both in the respective partition and foreclosure suits and in the entry into and execution of the agreement purporting to settle those suits, and the capacities in which appellants and appellee have acted in the action underlying this appeal. See Albrecht v. State, 444 So.2d 8 (Fla.1984); Couch Construction Company ex rel. Kimmins Corporation, Inc. v. Florida Department of Transportation, 537 So.2d 631 (Fla. 1st DCA 1988). Once the issue of “capacity” has been decided, the trier-of-fact can and should next resolve the issue of the intentions with which appellants, appellee, Corporation and Mehnert entered into the settlement agreement. Only after these preliminary, yet genuine, issues of material fact are resolved can the trial court reach the issue of the res judi-cata effect, if any, to be given in the instant suit to the earlier settlement agreement. Albrecht; Couch Construction Company.
For the foregoing reasons, the summary judgment entered below is reversed and this cause is remanded for further proceedings consistent herewith.
Reversed and remanded.