In re TAMMEY JEWELS, INC., Debtor.

J. Warren HUGHES and Frank C. Logan a/k/a H & L Properties, A Florida General Partnership, Plaintiffs,

v.

FASHION JEWELRY OUTLETS, INC., Tammey Jewels, Inc., and Eric Wellman, Defendants.

Bankruptcy No. 89–01860–8PI.
Adv. No. 89–174.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 14, 1990.

See also, Bkrtcy., 116 B.R. 292.

R. Nathan Hightower, Clearwater, Fla., for plaintiffs.

Francis H. Cobb, Tampa, Fla., for defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion for Summary Judgment filed by the Defendant and Counterclaimant (Debtor). In its Motion, the Debtor alleges that there are no genuine issues of material fact in this adversary proceeding, and the Debtor is entitled to Judgment as a matter of law in its favor.

The Court has considered the Motion, together with the record and argument of counsel, and is satisfied that it is appropriate to enter an Order denying the Motion. The relevant facts as appear from the record are as follows:

On July 15, 1985, J. Warren Hughes and Frank C. Logan, a/k/a H & L Properties (Plaintiffs) agreed to provide $1 million to Eric Wellman to enable Wellman to purchase the controlling interest in the Debtor corporation. This loan was to be secured by the assets of the Debtor corporation. The Agreement details with specificity the manner in which Wellman and the Debtor would repay the Plaintiff. First, it provides that Hughes and Logan are to receive a percentage of gross sales, as well as payments from certain franchise operations. Paragraph 6 of the Agreement provides that "Eric R. Wellman and Tammey Jewels, Inc., agree to guarantee the income figures shown on said statements as minimum income figures to be received during the ten years of this Agreement. If, during the first ten years of this Agreement income level should fall below those shown on the exhibits to this Agreement, Eric R. Wellman and Tammey Jewels, Inc., agree to make up the shortfall on said income levels on a monthly basis." The balance of the $1 million advance was to be repaid from a percentage of the profits of the Debtor, but there was no minimum guaranteed or any absolute obligation to repay. The Agreement also includes a clause which provides that the Agreement is an integrated contract which cannot be mod-

ified except in a writing signed by all parties.

It is the Defendants' contention that the Agreement obligated the Defendants to pay an interest rate of 47% (see Affidavit of Cesar Rivero), which is usurious as that term is defined by Florida Statutes § 687.03(4). Therefore, the entire obligation under Paragraph 6 of the Agreement provisions is forfeited.

The Plaintiffs have three arguments to counter the Defendants' Motion for Summary Judgment. First, they argue that the Agreement is not a loan agreement at all; instead, it is an "equity participation agreement", therefore, the usury Statute is inapplicable. Next, the Plaintiffs contend, without admitting, that even if the Agreement is a loan Agreement, the Defendant's interest calculation is erroneous and is based on an unsupported premise. Therefore, the Plaintiffs contend, a genuine issue of material fact exists and summary judgment is inappropriate. Moreover, the Plaintiffs also point out that one of the indispensable elements of usury involves intent, and intent always is a question to be determined by the trier of fact and is not appropriately determined by summary judgment.

Florida Statute § 687.02 provides in part that contracts for the payment of interest upon a loan at an interest rate greater than the equivalent of 18% per annum simple interest are usury. An interest rate of between 25% and 45% per annum constitutes criminal usury. Florida Statutes Section 687.071(2). A usurious transaction under the Statute involves four elements: 1) there must be an expressed or implied loan; 2) there must be an understanding between the parties that the loan is to be repaid; 3) the rate of interest agreed upon between the parties must exceed the rate allowable by law; and, 4) there must be a corrupt intent to extract more than the legal rate of interest must be shown. *Antonelli v. Neuman*, 537 So.2d 1027 (Fla. 3d DCA 1988).

This Court is satisfied that the July, 1985 Agreement is in fact a loan transaction, at least in part. While it is true that the Defendants' obligation to pay anything to the Plaintiffs is contingent on profits from the business operation, the Agreement imposes an absolute obligation on the Defendants to repay the guaranteed amount of that part of the Agreement which is not contingent during the first ten years. Regardless of the ultimate characterization of the Agreement, i.e., loan versus equity participation, it is clear that there is a genuine issue of material fact regarding the interest rate Wellman and Tammey Jewels agreed to pay to the Plaintiffs and regarding the Plaintiffs' intent to exact a usurious interest rate. Based on the foregoing, the Defendants' Motion for Summary Judgment cannot be granted. *See Letiziano v. Lytal*, 427 So.2d 321 (Fla. 4th DCA 1983); *I.R.E. Financial Corp. v. Cassel*, 335 So.2d 598 (Fla. 3d DCA 1976).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Defendants be, and the same is hereby, denied, and the adversary proceeding shall be properly scheduled for a pretrial conference in order to propose the resolution of the issues at a final evidentiary hearing.

DONE AND ORDERED.