STONE, Judge.
We reverse the summary judgment granted in favor of the defendant-bank. Holl v. Talcott, 191 So.2d 40 (Fla.1966); Gulfstream Bank, N.A. v. Barnett Bank of South Florida, N.A., 438 So.2d 67 (Fla. 4th DCA 1983); Royal Am. Realty v. Bank of Palm Beach & Trust Co., 215 So.2d 336 (Fla. 4th DCA 1968); Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218 (Fla. 1st DCA 1987).
Conro Construction had an account with Barnett Bank. The corporate resolution establishing the terms of the account, and which both sides agree determines the extent of the bank’s authority, provides:
*439 2. Morton Schnessel, President, and Kenneth M. Conner, Vice President, are hereby authorized to sign (either by actual or facsimile signature) any and all checks, drafts, notes, acceptances, bills of exchange, orders or other instruments for the withdrawal of any and all monies, credits, items and property at any time held by the Bank for account of this corporation....
3. That Bank is hereby authorized to pay or cash any instruments payable to or held by this corporation when endorsed as provided herein, and also to receive the same for credit to the account of or in payment from the payee or any other holder (including any officer of this corporation), without inquiry as to the circumstances of issue or endorsement thereof, or the disposition of the proceeds even if drawn, endorsed or payable to cash, bearer or to the individual order of any signing officer or tendered in payment of his individual obligation.
4. Morton Schnessel, President, Kenneth M. Conner, Vice President, and Robert L. Conner, Secretary/Treasurer, of this corporation are hereby authorized to borrow money and to obtain credit for this corporation from Bank
[[Image here]]
5. The endorsements on behalf of this corporation upon any and all commercial paper of any kind deposited by or on behalf of this corporation with Bank for credit or for collection or otherwise may be made by any one of the foregoing officers, or by rubber stamp.
(emphasis added).
Kenneth Conner and his brother, Robert Conner, endorsed checks made payable to Conro Construction for deposit directly to the separate account of the Conners’ corporation, Design Network Builders, Inc. Morton Schnessel did not endorse the checks, nor does anything indicate that he previously authorized any similar transaction.
Barnett argues that paragraphs three and five of the resolution, read together, authorized it to deposit checks payable to Conro to unrelated accounts without Schnessel’s endorsement or other corporate approval. Conro, on the other hand, asserts that the provisions of paragraph five apply only to checks being deposited to its account, and that the resolution, taken as a whole, is, at a minimum, ambiguous.
Conro submitted an affidavit stating that Barnett’s officers advised Schnessel that his signature was required to transfer corporate funds and that Barnett’s own policies would not allow a check payable to a depositor to be endorsed for deposit to a separate account. Also an expert witness of Conro attested that Barnett’s role in the negotiation and deposit was not consistent with good banking practices and that the transaction should not have been permitted. These affidavits were not rebutted. We also note that Barnett drafted the resolution.
We conclude that the resolution, read as a whole, is ambiguous and subject to multiple interpretations. Fact issues therefore remain unresolved. Barnett has failed to meet its burden to support its interpretation and to demonstrate that appellant cannot prevail. Therefore, the judgment is reversed and the cause remanded for further proceedings.
GARRETT and FARMER, JJ., concur.