625 So.2d 135 (1993)
H. Julian BROCK, Appellant,
v.
ASSOCIATES FINANCE, INC., and Richard Robbins a/k/a R.N. Robbins, Appellees.
No. 92-3245.
District Court of Appeal of Florida, First District.
October 20, 1993.
Bill A. Corbin, Blountstown, for appellant.
Douglas L. Smith of Johnston, Harris, Gerde & Jelks, P.A., Panama City, for appellees.
WEBSTER, Judge.
Appellant, plaintiff in the trial court, seeks review of an adverse summary final judgment entered in his fraud action. The trial court concluded that there existed no dispute as to any material fact; that appellant either knew or should have known more than four years before commencing this action of facts sufficient to put him on notice of the cause of action; and that, therefore, the action is barred by the applicable statute of limitations. Appellant argues that the trial court erred because the pleadings, discovery and affidavits on file establish that a genuine dispute exists as to when he either discovered or should have discovered facts sufficient to put him on notice that he had a cause of action against appellees for fraud. We agree and, accordingly, reverse.
To establish entitlement to a summary judgment, the moving party must demonstrate conclusively that no genuine issue exists as to any material fact, even after all reasonable inferences are drawn in favor of the party opposing the summary judgment. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holl v. Talcott, 191 So.2d 40 (Fla. 1966). When reviewing the propriety of a summary *136 judgment, our task is to determine from the record whether a genuine issue exists as to a material fact. "[A]ll doubts as to the existence of a genuine issue of material fact must be resolved against the moving party"; if "the slightest doubt remains," a summary judgment cannot stand. Fletcher Co. v. Melroe Mfg. Co., 261 So.2d 191, 193 (Fla. 1st DCA 1972).
In general, because of their nature, fraud claims are not susceptible to resolution by summary judgment. Sunchase Apartments v. Sunbelt Service Corp., 596 So.2d 119 (Fla. 1st DCA 1992); Barrios v. Duran, 496 So.2d 239 (Fla. 3d DCA 1986). The same is true as to the issue of when the fraud was (or should have been) discovered for limitations purposes. See Hawkins v. Washington Shores Sav. Bank, 509 So.2d 1314 (Fla. 5th DCA 1987).
The trial court based its conclusion that appellant either knew or should have known of sufficient facts to put him on notice of his fraud claim more than four years before he filed this action on findings made in another case to which appellant had been a party. (Appellees had requested that the trial court take judicial notice of the court file in that and other cases to which appellant had been a party.) From the nature of the arguments made by appellees in the trial court and before us, it appears that appellees are relying upon either a res judicata or a collateral estoppel theory. However, there are two major flaws in such an approach.
Both res judicata and collateral estoppel are affirmative defenses, which must be asserted as such in the answer. Fla. R.Civ.P. 1.110(d). See Byrd v. City of Niceville, 541 So.2d 696 (Fla. 1st DCA), review denied, 548 So.2d 662 (Fla. 1989); Gladstone v. Kling, 182 So.2d 471 (Fla. 1st DCA 1966). However, appellees did not assert either in their answer. Moreover, even if res judicata or collateral estoppel had been asserted as an affirmative defense, neither would be applicable. For res judicata purposes, this action and the prior action do not share an identity in the thing sued for, an identity of the cause of action or an identity of parties. E.g., West v. Kawasaki Motors Mfg. Corp., 595 So.2d 92 (Fla.3d DCA), review denied, 604 So.2d 489 (Fla. 1992). For collateral estoppel purposes, neither the issues nor the parties are identical. E.g., Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977).
Our review of the record satisfies us that when appellant either learned or, by the exercise of reasonable diligence, should have learned of facts sufficient to put him on notice of his fraud claim is a disputed issue of fact; and that it is material. Accordingly, the summary final judgment is reversed, and this action is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
BOOTH and SMITH, JJ., concur.