632 So.2d 707 (1994)
BRAEMER ISLE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
BOCA HI, INC., The George Hyman Construction Co., Schwab & Twitty Architects, Inc., Poma Aluminum & Steel Fabricators, Inc. and Frank Poma, an Individual, and Poma Corporation, Appellees.
Nos. 93-0876, 93-2075.
District Court of Appeal of Florida, Fourth District.
March 2, 1994.
Thomas F. Munro, II and Matthew Triggs of Foley & Lardner, West Palm Beach, for appellant.
James E. Glass and Linda Dickhaus Agnant of James E. Glass Associates, Miami, for appellee-The George Hyman Const. Co.
Cathy L. Kasten and Andrea D. McMillan of Adams, Coogler, Watson & Merkel, P.A., West Palm Beach, for appellee-Schwab & Twitty Architects, Inc.
John C. Taylor of Williams, Montgomery & Thompson, Miami, and Alan F. Scott, Palm Beach, for appellees-Poma Aluminum and Steel Fabricators, Inc. and Poma Corp.
PER CURIAM.
In settlement of prior litigation over construction defects, the condominium association released all of the appellees for all claims (both known and unknown, as to one, and all future claims as to the others), which arose out of the construction of the condominium.[1] Later the condominium filed suit again claiming that the defects it now alleged were not discoverable at the time it settled its prior lawsuit and executed releases to these defendants.[2] We affirm the trial court's entry of summary judgment in favor of appellees based on De Witt v. Miami Transit Co., 95 So.2d 898 (Fla. 1957) and Hardage Enterprises, Inc. v. Fidesys Corp., N.V., 570 So.2d 436 (Fla. 5th DCA 1990).
A release that clearly reflects the intent to release a party from any and all liabilities in connection with a construction project should be honored. As the Fifth District stated, "This was not a situation where public policy mandates the protection of consumers who are offered a contract in a `take it or leave it' form. Fidesys and Hardage were in positions of equal bargaining power and should be held to the agreement that was reached as a result of their negotiations." 570 So.2d at 439.
*708 In the instant case the first suit commenced in 1982 and proceeded through two years of voluminous discovery to a jury trial. The same areas of the condominium which are claimed to be defective in the second suit were also at issue in the first suit. As a result, the parties settled all issues between them, with both defendants paying out monies in settlement. There is no allegation that any fraud, undue influence, or coercion occurred in settling the first case. Under the facts of this case, the release and settlement must be enforced. The summary judgments are affirmed.
WARNER, KLEIN and PARIENTE, JJ., concur.
NOTES
[1] We consolidate appeal numbers 93-0876 and 93-2075 for the purposes of this opinion.
[2] These were not standard RAMCO releases but releases the language of which was negotiated between the parties.