BLUE, Judge.
Ross Palazzolo, d/b/a Safety Harbor Chiropractic Clinic (tenant), appeals the partial summary judgment entered in favor of the Fesslers (landlords) in an eviction action. We have jurisdiction to review the portion of the order that granted the summary judgment as to count one of the complaint pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). As to that ruling, we reverse because there are disputed issues of material fact regarding the tenant’s rent obligation.
The order on appeal also ruled on the landlords’ motion for summary judgment on the tenant’s second counterclaim. Although this opinion may affect that nonfinal order, this court does not have jurisdiction to review that portion of the order on appeal.
It is not necessary to present a complete recitation of the facts involved in this commercial lease dispute. In order to determine the tenant’s rent obligations, it was necessary to examine the lease docu-merits. These documents are unclear regarding when the rental period actually began and when specified rent increases were due. Ambiguities in a contract create genuine issues of material fact as to the correct interpretation of the contract, and so preclude summary judgment. See Griffin Builders Supply, Inc. v. Jones, 384 So.2d 265, 266 (Fla. 2d DCA 1980). “When the wording of an agreement is ambiguous and parties suggest different interpretations, the issue of proper interpretation becomes one of fact precluding grant of summary judgment.” 384 So.2d at 266.
The lease documents were ambiguous and thus created genuine issues of material fact. Accordingly, the summary judgment as to count one is reversed and the case remanded for further proceedings.
Reversed and remanded.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.