710 So.2d 177 (1998)
Phillip and Delores FLOYD, Appellants,
v.
HOMES BEAUTIFUL CONSTRUCTION COMPANY, Appellee.
No. 96-2601.
District Court of Appeal of Florida, First District.
April 27, 1998.
*178 Michael J. Walker of Green, Miles & Green, Daytona Beach, for Appellants.
Michael G. Tanner, Holland & Knight, LLP, P.A., Jacksonville, for Appellee.
PER CURIAM.
Phillip and Delores Floyd challenge a final summary judgment entered in favor of the defendant, Homes Beautiful Construction Company, the appellee, in their civil suit for negligent construction, breach of implied warranty, and breach of contract. Because genuine issues of fact remain as to the intended scope of a release agreement executed by the parties prior to the filing of the instant suit, entry of summary judgment was erroneous. Accordingly, we reverse and remand for further proceedings.
The Floyds purchased a home constructed by Homes Beautiful Construction Company in 1982. After occupancy, cracks and separations were discovered in the walls and foundation of the house, and, in 1986, the Floyds sued Homes Beautiful alleging negligent construction, fraud and misrepresentation, and breach of the implied warranties of fitness and habitability. The Floyds obtained a $205,000 verdict in the 1986 action. While an appeal of that action was pending, the parties entered into a settlement and release agreement whereby Homes Beautiful paid $125,000 to the Floyds in return for a release providing that Homes Beautiful was released from "any claim or cause of action presently existing, whether known or unknown, including but not necessarily limited to the [1986 civil suit]." On December 31, 1993, fire completely destroyed appellants' home and the contents therein. It is undisputed that the 1993 fire was caused by the placement of a clothes dryer vent in the Floyds' home immediately adjacent to an electrical breaker panel box which resulted in a short when the insulation between the electrical components in the breaker box was dissolved.
In July 1995, the Floyds brought the instant lawsuit which sounds in negligence, breach of warranty, and breach of contract, and seeks damages for the loss of their home and personal belongings. The Floyds allege that the dryer ventilation defect was a latent defect of which they were unaware when they purchased the home. Homes Beautiful *179 defended on the grounds that the release barred the suit. The trial judge granted final summary judgment in favor of Homes Beautiful finding that the release controlled any of the Floyds' claims against Homes Beautiful arising from the construction of the residence, including negligent installation of the dryer vent. Finding that the release is ambiguous, we reverse entry of summary judgment.
It is, of course, well-established that summary judgment is proper only when no genuine issue of material fact exists, even after all reasonable inferences have been drawn in favor of the party opposing summary judgment. Brock v. Associates Fin., Inc., 625 So.2d 135 (Fla. 1st DCA 1993). In its summary judgment, the lower court noted that neither the Floyds nor Homes Beautiful asserted that the release was ambiguous. Rather, each side claimed that the release unambiguously supports their respective positions.
Despite the cross motions for summary judgment,[1] a genuine issue of fact does exist as to what the parties intended by the release.
If the terms of a written instrument are in dispute and are reasonably susceptible to two different interpretations, then an issue of fact is presented as to the parties' intent; such an issue of fact cannot be properly resolved by a summary judgment. Universal Underwriters Ins. Co. v. Steve Hull Chevrolet, Inc., 513 So.2d 218 (Fla. 1st DCA 1987); Gulf stream Bank, N.A. v. Barnett Bank of South Florida, N.A., 438 So.2d 67 (Fla. 4th DCA 1983), and Griffin Builders Supply, Inc. v. Jones, 384 So.2d 265 (Fla. 2d DCA 1980). It is not apparent from the four corners of the release what "claims" the parties intended to release. For example, it is not apparent whether the modifying language "presently existing" bars a cause of action relating to a defect in existence at the time of execution of the release, but unknown to the parties; or rather, whether that modifying language limits the release to causes of action fully accrued at the time of execution. Furthermore, there is a question as to when the instant cause of action accrued. Compare, Carlon v. Levitz Furniture Corp., 374 So.2d 1156 (Fla. 3d DCA 1979)(summary judgment erroneous because there was a dispute as to when the cause of action accrued), and Hart v. Hart, 234 So.2d 393 (Fla. 1st DCA 1970)(summary judgment erroneous because there was a genuine issue of material fact as to when the plaintiff's cause of action accrued). Finally, we note that the release does not specifically mention "future" claims, which distinguishes the instant case from Braemer Isle Condominium Ass'n, Inc. v. Boca Hi, Inc., 632 So.2d 707 (Fla. 4th DCA 1994), the principal case on which Homes Beautiful relies.
Because the existence of disputed issues of fact relating to the intent and scope of the release, we REVERSE and REMAND for further proceedings.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] The fact that a party has moved for a summary judgment does not estop that party from challenging an adverse summary judgment. W. Shore Restaurant Corp. v. Turk, 101 So.2d 123 (Fla.1958). Furthermore, cross motions from summary judgment do not necessarily mean that no genuine issue of material fact exists. Couch Construction Co. v. Florida Dep't of Transp., 537 So.2d 631 (Fla. 1st DCA 1988). However, a party may not move for summary judgment claiming "there is no issue of fact with regards to a specific question and then take a contrary position on appeal." Couch, 537 So.2d at 632; Wilmo on the Bluffs, Inc. v. CSX Transp., 559 So.2d 294 (Fla. 1st DCA 1990). In the instant case, the Floyds are not taking a position on appeal inconsistent with the one taken in their motion for partial summary judgment. There, they asserted that the settlement and release agreement "when read in its entirety and in terms of its purpose, the terms in which it is stated, and the subject matter to which applies, clearly and unambiguously was not intended to bar Plaintiffs' present cause of action against HOMES BEAUTIFUL." In other words, the Floyds argued below that the release agreement unambiguously contradicts Homes Beautiful defense of estoppel. This is not say, however, that the agreement unambiguously states what claims are barred.