trial court err in concluding that the parties did not intend to preclude Micro Flo from pursuing its outstanding reserved claims against Agrolinz in arbitration. Accordingly, the trial court's disposition is **affirmed** for the reasons set forth herein.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0030P (6th Cir.)
File Name: 00a0030p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT



AGROLINZ, INC. and
AGROLINZ MELAMIN,
G.M.B.H.,
        *Plaintiffs-Appellants,*

        *v.*

MICRO FLO COMPANY,
        *Defendant-Appellee.*

No. 98-6015

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 97-02566—Bernice B. Donald, District Judge.

Argued: September 22, 1999

Decided and Filed: January 20, 2000

Before: KRUPANSKY and NORRIS, Circuit Judges;
GWIN, District Judge.[*]

_____

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio sitting by designation.

---

## COUNSEL

**ARGUED:** Robert A. McLean, FARRIS, MATHEWS, BRANAN & HELLEN, Memphis, Tennessee, for Appellants. Leo M. Bearman, Jr., BAKER, DONELSON, BEARMAN & CALDWELL, Memphis, Tennessee, for Appellee. **ON BRIEF:** Robert A. McLean, FARRIS, MATHEWS, BRANAN & HELLEN, Memphis, Tennessee, for Appellants. Leo M. Bearman, Jr., Jennifer R. Keown, BAKER, DONELSON, BEARMAN & CALDWELL, Memphis, Tennessee, for Appellee.

---

## OPINION

---

KRUPANSKY, Circuit Judge.    Plaintiff-Appellants Agrolinz, Inc. and Agrolinz Melamin, G.m.b.H., hereafter collectively referred to as "Agrolinz," challenge the denial of their motion for summary judgment and the grant thereof to Defendant-Appellee, the Micro Flo Company, requiring Agrolinz to defend itself in arbitration against breach of contract and other claims made by Micro Flo.

On September 8, 1992, Agrolinz, Inc. and Agrolinz Melamin, G.m.b.H. (Agrolinz) and Micro Flo Co. (Micro Flo) entered into a Manufacturing and Distribution Agreement (Agreement) under the terms of which Agrolinz granted Micro Flo exclusive rights to manufacture and distribute its proprietary agricultural fungicide "Cuproxat" throughout the United States in consideration for Micro Flo's commitment to annually purchase assigned minimum quantities of copper sulfate, the basic active ingredient of Cuproxat, from Agrolinz.

The Agreement also incorporated an arbitration provision that referenced the Commercial Rules of the American

conclusion that in the event that there has been no adjudication on the merits of a contested issue, the "extent to which a judgment or decree entered by consent is conclusive in a subsequent action should be governed by the intention of the parties … rather than a mechanical application of the general rules governing the scope of estoppel by judgment [claim preclusion]." *Long v. Kirby-Smith*, 292 S.W.2d 216, 220 (Tenn. Ct. App. 1956); *see also Apstein v. Tower Investments of Miami, Inc*., 544 So. 2d 1120, 122 (Fla. Dist. Ct. App. 1989), the Florida court concluded that the intent of the settling parties as to what was included in the settlement controls the effect of a consent dismissal with prejudice.

In both Florida and Tennessee the party asserting claim preclusion has the burden of proving the elements of that legal principle. The instant case requires Agrolinz to prove that the issues embraced by Micro Flo's Tennessee arbitration action had been determined on the merits by a previous judicial disposition and/or that it had been the intention of the adverse parties to include those issues in the dismissal with prejudice articulated in the Florida consent decree.

Agrolinz has not carried its burden of proving either requirement necessary to support its "issue preclusion" argument. To the contrary, the evidence developed in the record weighs heavily in favor of Micro Flo. It is apparent that Micro Flo, from the very outset of negotiations with plaintiffs to settle the Florida Cases, intended to seek arbitration of its claims against Agrolinz for the cost of copper sulfate and other raw materials remaining in its inventories, together with the cost of its stocked Cuproxat, in addition to shipping, storage and interest costs. Agrolinz, its insurance carriers and all participating legal counsel were aware of Micro Flo's intention to pursue arbitration for the recovery of its described damages. In the context of the instant case this appellate review is in accord with the district court and finds that it did not err in concluding that Micro Flo's claims which are the subject of the Tennessee arbitration had not been adjudicated on their merits by the Florida court that journalized the consent decree, nor did the

Micro Flo had breached its contract with Agrolinz by failing to purchase the contractually-agreed minimum quantities of copper sulfate and by failing to promote Cuproxat in the United States for the duration of its five-year exclusive contract.

The parties filed cross-motions for summary judgment. On June 22, 1998, the district court granted summary judgment in favor of Micro Flo.

On appeal, Agrolinz has urged that under Florida law an agreed dismissal "with prejudice" is a judgment "on the merits" so as to bar future litigation under the doctrine of claim preclusion.[3] Agrolinz has argued that the Full Faith and Credit Clause of the United States Constitution mandates the federal district court in Tennessee to afford the Florida court's consent decree the same effect it would have in Florida and bar Micro Flo's arbitration action presently pending in Tennessee.

In addressing the issue, Florida legal precedent discloses that in a settlement of a pending legal controversy by consent decree, the words "with prejudice" incorporated into the stipulation of dismissal are without legal significance and will not bar a subsequent suit arising from the seminal case unless there has been a judicial adjudication on the merits of the issues joined in the seminal suit. In *North Shore Realty Corp. v. Gallagher*, 99 So. 2d 255, 257 (Fla. Dist. Ct. App. 1957), the court concluded that an order of dismissal "with prejudice" should be treated as a dismissal without prejudice, and the words "with prejudice" disregarded as surplusage when it is apparent that there had been no adjudication of the substantive issues joined by the pleadings. *See also Hassentuefel v. Howard Johnson, Inc.*, 52 So. 2d. 810, 812 (Fla. 1951). Tennessee precedent is in accord. Moreover, Tennessee and Florida subscribe to the legal

[3]Pursuant to *Heyliger v. State Univ. & Community College Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997), the term "claim preclusion" will replace "res judicata" as traditionally defined under Tennessee precedent.

Arbitration Association. Specifically, Section 20 of the Agreement, entitled "Arbitration," provided in pertinent part:

Any controversy or claim between the parties hereto arising, directly or indirectly, out of or relating to the present Agreement or transactions pursuant thereto, or the breach thereof, including tort or other non-contractual type claims, shall be finally settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") then in effect, and any judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof … Arbitration proceedings shall be held at Memphis, Tennessee, U.S.A..

Rule 47 of the Commercial Arbitration Rules of the AAA 47 states that, "no judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate."

The companies commenced implementation of the Agreement, with Micro Flo marketing Cuproxat to farms throughout the United States.

In the fall of 1993, two Florida farms that used Cuproxat notified Micro Flo that their current tomato and pepper crops had been damaged by an herbicide identified as "2,4-D" which was not normally found in Cuproxat. The Florida farms charged that the Cuproxat used on their crops had been contaminated with 2,4-D. Micro Flo concluded that the source of the 2,4-D was copper sulfate it had received from Agrolinz pursuant to their contract.

During the fall of 1994, David C. Brown Farms, Red Star Farms, Inc., Di Mare Homestead, Inc., Di Mare Ruskin, Inc., and other Florida farms, all of whom had purchased and used Cuproxat manufactured by Micro Flo and sold by Farmers

Supply Inc.,[1] commenced legal proceedings within the Twentieth Judicial Circuit of Florida which were designated as a class action (the Florida Cases).[2] In response, Micro Flo filed a cross-claim and a third-party claim against Agrolinz wherein Micro Flo sought recovery under theories of negligence, strict liability and breach of implied warranty of fitness, resulting damages arising from lost revenue from sales of Cuproxat, loss of good will and litigation expenses incident to defending the Florida Cases together with indemnity in the full amount of damages and judgments obtained against Micro Flo, if any, by the plaintiffs in those cases.   In its cross-claim and third-party claim against Agrolinz, Micro Flo did not seek repayment of the purchase price of its remaining inventories of copper sulfate purchased from Agrolinz nor the cost of its remaining contaminated stock of Cuproxat still on hand, freight, storage and interest expenses -- all of which claims were incorporated into its subsequently initiated Tennessee arbitration proceeding.

The parties have agreed that Tennessee law applies to the resolution of the instant dispute.

Recognizing their precarious legal liability and the magnitude of their financial exposure, Agrolinz, Micro Flo and their respective insurance carriers pursued the generally accepted *modus operandi* of convenient cooperation in negotiating an umbrella settlement common to all of the multiple- party plaintiffs in the Florida Cases.

Ultimately, all of the Florida Cases including the Red Star Farms, Inc. litigation was settled on or about January 10, 1997.

---

[1] Farmers Supply, Inc. was the dealer which sold Cuproxat supplied by Micro Flo to the farmers that initiated the Florida Cases.

[2] The Red Star Farms Inc., litigation, for reasons not explained in the record, was considered and resolved separate and apart from the disposition of the other Florida Cases.

The final disposition of the Florida Cases, however, was not journalized until on or about May 17, 1997.  During the intervening period, legal counsel for Micro Flo and Agrolinz conducted telephone discussions, some of which were memorialized by an exchange of correspondence, wherein Micro insisted that it intended to and would pursue arbitration imposed by the September 8, 1999 agreement against Agrolinz for repayment of the purchase price for raw materials, and cost of finished product remaining in its inventories together with related freight, storage and interest costs, irrespective of releasing Agrolinz from the payment of contribution and/or indemnity that Micro Flo may have been required to pay the Plaintiffs, including litigation expenses and attorney's fees arising from the Florida Cases.

In an effort to avoid jeopardizing the settlement of the Florida case, on May 17, 1997, Micro Flo and Agrolinz journalized the following consent decree:

### ORDER OF DISMISSAL WITH PREJUDICE

UPON THE FOREGOING STIPULATION, this cause and all claims asserted herein by MICRO FLO CO. against AGROLINZ INC. and AGROLINZ MELAMIN be and the same are hereby dismissed with prejudice.

DONE AND ORDERED in Chambers, at Collier County, this 17th day of May, 1997.

On May 28, 1997, Micro Flo initiated arbitration proceedings in the state of Tennessee before the American Arbitration Association claiming $1,000,000 in damages for repayment of its cost of the contaminated raw materials supplied by Agrolinz and used in the manufacture of Cuproxat, its available stock of Cuproxat, freight, storage and interest.

Agrolinz responded to the arbitration action by seeking the instant declaratory and injunctive relief, together with a counterclaim for $3,500,000 before the United States District Court for the Western District of Tennessee alleging that