POLSTON, J.
Appellants (the Kureins) seek a reversal of the trial court’s final summary judgment entered against them in favor of appellee, The Agency For Health Care Administration. Because we hold that the trial court improperly construed the language of the Kureins’ legislative claims bill, we reverse.
Jemal Kurein sustained severe and permanent brain damage when a City of Tampa fire truck ran a red light and struck a taxicab driven by Mr. Kurein. In a suit against the city, the jury returned a verdict in the Kureins’ favor for approximately $490,000. The city paid $200,000, its sovereign immunity damages cap under section 768.28, Florida Statutes.
The Agency, the state agency responsible for administering the Medicaid program in Florida, paid medical bills on behalf of Mr. Kurein. The Agency has the right to be repaid in full from responsible third-parties for medical benefits provided to a Medicaid recipient. See § 409.910(1), Fla.Stat. (1993).
The Agency and the Kureins settled the amount to be paid the Agency, executing a release on February 7,1997, stating:
In consideration of the payment of Thirty Six Thousand dollars and Zero cents ($36,000) the receipt of which is hereby acknowledged, the undersigned does hereby fully release and discharge Jemal Kurien and his successors, legal representatives, heirs, and assigns from any obligations, liabilities, or responsibilities arising from subrogation interests asserted or which might be asserted by the State of Florida Agency for Health Care Administration as administrator of the Medicaid Program in the State of Florida against Jemal Kurien as a result of the cost of care and treatment rendered for injuries sustained in his accident of March 17, 1993.
*343 It is agreed and understood that this is a full and final release of all claims of the Agency for Health Care Administration as administrator for the Medicaid Program in Florida for the cost of medical care paid by Florida Medicaid for services rendered.
Emphasis added.
Subsequently, the Kureins successfully obtained a claims bill from the legislature for the remainder of the judgment not paid as a result of the city’s sovereign immunity. See Ch. 98-444, at 22-25, Laws of Fla. The pertinent section of the bill is:
Section 3. The governmental entity responsible for payment of the warrant shall make payment to the Florida Agency for Health Care Administration the amount due under section 409.910, Florida Statutes, prior to the disbursement of funds to the claimant, except that the amount due shall be reduced by the agency’s proportionate share of legal costs and attorney’s fees. However, the amount due to the Agency for Health Care Administration shall be reduced by no more than 25 percent. The amount due to the agency shall be calculated based on medical payments paid up to the date that this bill becomes law.
Id. at 25 (emphasis added).
The Agency claimed an additional $46,361.65, based on the quoted language from the claims bill, for post-release medical payments.
We agree with the Kureins that final summary judgment should have been entered in their favor rather than in favor of the Agency. The clear and unambiguous language of the claims bill describes how the “amount due” the Agency will be paid and how it will be calculated, but does not mention the full release executed by the Agency. Because the Agency fully released all amounts due it through its earlier settlement, there is no additional amount due arising from the claims bill. Had the legislature wished to pay the Agency additional amounts over and above the amount already paid notwithstanding the release, it could have clearly said so but did not.
The release language released all claims “which might be asserted” by the Agency as a “result of the cost of care and treatment rendered for injuries sustained in his accident of March 17, 1993.” This language includes any medical payments after the date of the release now claimed by the Agency.
The last sentence of the claims bill, “[t]he amount due to the agency shall be calculated based on medical payments paid up to the date that this bill becomes law” does not compel the payment of additional amounts to the Agency. (Emphasis added). There is no amount due to the agency because of the release, but if there had been an amount due, it would be calculated based on medical payments paid up to the date that the bill became law.
The settlement and release executed by the Agency should be enforced because there is no clear language in the claims bill to the contrary. See Healey v. Healey, 658 So.2d 1096, 1098 (Fla. 1st DCA 1995)(“settlement agreements are highly favored in the law and will be upheld whenever possible”); Braemer Isle Condominium Association, Inc. v. Boca Hi, Inc., 632 So.2d 707 (Fla. 4th DCA 1994)(release that clearly reflects the intent to release a party from any and all liabilities in connection with a construction project should be enforced).
Reversed and Remanded.
BARFIELD, C.J., concurs and WOLF, J., dissents with opinion.