IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 5, 2004 Session

## WENDELL FREELS and wife, GWENETH FREELS v. GUS W. CHILTON

**Direct Appeal from the Circuit Court for Morgan County**
**No. 6165C     Hon. Russell Simmons, Circuit Judge**

**FILED MARCH 8, 2004**

**No. E2003-01319-COA-R3-CV**

Plaintiffs obtained two judgments in General Sessions Court. On appeal to Circuit Court the second judgment was vacated for lack of jurisdiction. On appeal we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J. delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

James Frank Wilson, Wartburg, Tennessee, for Appellants.

William A. Newcomb, Harriman, Tennessee, for Appellee.

**OPINION**

Plaintiffs were awarded a monetary Judgment against defendant in Sessions Court, and defendant appealed to Circuit Court, where the Court declared the Judgment void for lack of jurisdiction, and dismissed the case.

Plaintiffs have appealed to this Court and the sole issue raised is: "whether the Morgan County Circuit Court erred when it dismissed plaintiffs' claims arising after January 4, 2000 with prejudice, after finding the first General Sessions Court Judgment was final and the second General Sessions Court Judgment was void due to lack of jurisdiction by that Court."

The record shows that plaintiffs filed a detainer warrant against the defendant and a

Judgment was entered thereon on January 4, 2000, granting plaintiffs possession of their property, with a monetary judgment of $2,261.53. As the Trial Court explained, no other action was taken in Sessions Court until February 8, 2000 when plaintiffs obtained an execution from the Clerk, at which time the Judgment was satisfied. While no further process issued, there was a further hearing in General Sessions Court on December 18, 2000 and January 29, 2001, and an Order was entered on February 15, signed by the Judge of the General Sessions Court, indicating that the January 4, 2000 Order had not been appealed and was thus final, but the Court "retains jurisdiction over the parties solely for any issues which might arise as a result of the Lessor being placed in possession of the rental property for the benefit of the Lessee." Plaintiffs were awarded a monetary Judgment in the amount of $24, 164.19.

The determinative issue before the Trial Court was whether the General Sessions Court "had continuing jurisdiction after the first trial", and the Judge asked the attorneys to brief that issue. Subsequently, the Court determined that:

> . . . the documents of the General Sessions Court and the testimony of witnesses that the judgment entered by the General Sessions Court on January 4, 2000 was a final judgment. An execution was issued on this final judgment, and the General Sessions Court in its Order filed February 15, 2001 made a finding that the "January 4, 2000 Order has not been appealed from and is final.
>
> The Court has found no statute or appellate decision which grants to a General Sessions Court a continuing jurisdiction over a case after a decision has been made and the time for appeal has lapsed, . . .
>
> The Court finds that the first judgment of the General Sessions Court dated January 4, 2000 was a final judgment and that after the ten (10) days to appeal had expired the General Sessions Court had no jurisdiction to try the case again and enter a second judgment. The second judgment of the General Sessions Court filed February 15, 2001 was a nullity. Orders entered by a trial court after it loses jurisdiction are nullities. (Citations omitted).

On appeal, plaintiffs apparently do not question the correctness of the Trial Court's decision, but argue that the Trial Court should not have dismissed the case with "prejudice". Defendant in his brief points out that the Trial Court made no reference to "prejudice" when it dismissed plaintiffs' case.

While the Trial Court's actions constituted an involuntary dismissal, Tenn. R. Civ. P. 41.02(3) states:

> (3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, <u>other than a dismissal for lack of jurisdiction</u> or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits. (Emphasis added).

Dismissals on jurisdictional grounds are not on the merits because they do not conclude the rights of action. *See Roudle v. Lyle*, 682 S.W.2d 219 (Tenn. Ct. App. 1984); *W.R. Grollet Co. v. Taylor*, 398 S.W.2d 81 (Tenn. Ct. App. 1965), Tenn. Code Ann. § 28-1-105.

The Trial Court's Judgment was not an adjudication upon the merits, because he specifically stated that he was dismissing the action for "lack of jurisdiction."

Accordingly, we affirm the Judgment of the Trial Court, deny the request that the appeal be declared frivolous, and adjudge the cost against the appellants Wendell Freels and Gweneth Freels.

_____
HERSCHEL PICKENS FRANKS, J.