**Lillie RANDLE, Sam Harmon, and Augusta Blackwell, Plaintiffs-Appellants,**

v.

**Robert H. LYLE, Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section at Nashville.

Oct. 5, 1984.

Application for Permission to Appeal Denied by Supreme Court Dec. 17, 1984.

Richard H. Dinkins, Williams & Dinkins, Nashville, for plaintiffs-appellants; Olly Neal, Jr., Wilson, Bell & Neal, Marianna, Ark., of counsel.

Thomas O. Bratcher, Stanley & Bratcher, McMinnville, for defendant-appellee.

OPINION

TODD, Presiding Judge, Middle Section.

Plaintiffs have appealed from the judgment of the Trial Court dismissing their suit with prejudice.

On January 5, 1983, there was filed with the Trial Clerk an affidavit as follows:

I, Olly Neal, Jr., am the attorney of record for the plaintiffs, Lillie Randle, Sam Harmon, and Augusta Blackwell, in the above captioned action.

Attached to this Affidavit is an authenticated copy of the judgment entered against the Defendant herein on the 22nd day of November, 1982 by the Circuit Court of Lee County, Arkansas.

The last known address of the defendant is Route 6, McMinnville, Tennessee County, Tennessee. (sic)

This affidavit is filed pursuant to Tennessee Code Annotated § 26-6-101, known as Uniform Enforecement of Foreign Judgment Act.

On the same date there was filed with the Trial Clerk a copy of a judgment entered on November 22, 1982, by the Circuit Court of Lee County, Arkansas. Said copy

of judgment was certified by the Clerk of the Arkansas Court, but not in accordance with the Acts of Congress relating to interstate certification of judgments.

On the same date, a summons was issued to Robert H. Lyle, by the Trial Clerk; and, on the following date, January 6, 1983, the summons was served upon Robert H. Lyle.

On January 19, 1983, the defendant, Robert H. Lyle, filed a motion as follows:

Comes now the Defendant in this cause and would move for this action to be dismissed for cause as shown as follows:

1. Defendant moves pursuant to Tennessee Rules of Civil Procedure No. 12 and its various sub-parts to dismiss this cause of action for failure to state cause of action.

2. That the attorney listed as Plaintiff's attorney, Olley Neal, Jr., is not an attorney licensed in the state of Tennessee and, thus, accordingly is practicing law without a license in this state.

3. The certification attached herein is improper. WHEREFORE, Defendant moves that the summons obtained and served upon him on January 6, 1983 and the attached judgment be dismissed.

Said motion bore a certificate of service upon counsel for plaintiffs.

On the same date, January 19, 1983, defendant filed a "Notice" as follows:

Notice is hereby given pursuant to Rule 6.04 of the Tennessee Rules of Civil Procedure that the undersigned will call this matter for hearing on the 4th day of February, 1983 at 10:00 a.m. or as soon thereafter as counsel can be heard.

Said "Notice" bears certificate of service upon counsel for plaintiff.

The next document in the technical record is a judgment entered on October 25, 1983, as follows:

This cause came on regularly to be heard on the 21st day of October, 1983, upon the Plaintiff's initial pleadings and the motion to dismiss filed by the Defendant, and from the argument of counsel and the entire record as a whole, from all of which this Honorable Court is of the opinion that the certification attached to the Plaintiff's pleadings is insufficient and that the Plaintiffs' action should be dismissed. It is therefore, ORDERED, ADJUDGED AND DECREED as follows:

1. That the summons, judgment and affidavit filed by the Plaintiffs be and hereby are dismissed with prejudice and the court costs are taxed against the Plaintiffs.

ENTER: This the 25th day of October, 1983.

On November 25, 1983, (being a Monday) Tennessee Counsel for plaintiffs filed a motion to alter or amend which was heard on December 13, 1983. The transcript of that hearing consists of statements of counsel and the Trial Judge, but no evidence. Plaintiffs' motion was overruled.

On appeal, Plaintiffs concede that the certificate on the Arkansas judgment was inadequate and that the motion to dismiss was proper. Plaintiffs only complain of the words "with prejudice" in the order of dismissal.

TRCP Rule 41.02(3) provides as follows:

Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

It is seen that this rule makes no specific provision for orders of dismissal as a result of motions under Rule 12, except for the expression "any dismissal not provided for in this Rule 41" and excepts from the "with prejudice provision" dismissals for lack of jurisdiction, improper venue and lack of indispensable party.

■ However, Rule 41.02(3) contains the expression "Unless the court in its order of dismissal otherwise specifies". This implicitly recognizes the authority (ergo duty) of

the Trial Court to "otherwise specify" in all those cases in which a palpable and unjustified injustice would result from dismissal with prejudice.

Moreover, it has been held that a Court of Law is without power to enter an order "with prejudice" or "without prejudice". *Long v. Kirby-Smith* 40 Tenn.App. 446, 292 S.W.2d 216 (1956).

Furthermore, TCA § 28–1–105 provides as follows:

> New action after adverse decision.—If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. [Code 1858, § 2755 (deriv. Acts 1715, Ch. 27, § 6; 1819, ch. 28, § 3); Shan., § 4446; mod. Code 1932, § 8572; T.C.A. (orig. ed.), § 28–106.]

■ Under the present record, it cannot be said that the dismissal of this suit was upon any ground concluding the plaintiffs right of action. The record contains no "plea to the merits", that is no denial of the existence or validity of the judgment nor assertion of affirmative defense such as fraud or payment. If so, this Court might presume that the Trial Court received evidence and dismissed upon the merits. Absent such defense in the record, this Court must presume that the action of the Trial Judge was based upon the record before him which was limited to the affidavit and copy of judgment which, under TCA § 26–6–101, appear to serve as the "complaint" in the enforcement of foreign judgments. In this view of the case, the action of the Trial Judge must be considered to be a sustaining of the motion to dismiss on the grounds stated therein, none of which are of such nature as to "conclude the plaintiff's right of action".

If defendant had filed a defense to plaintiffs' right of action (the merits) and the case had come on for trial on such defense, the Trial Judge would have been justified in excluding the incompetent evidence of the judgment, and in ruling on the merits. The record does not support this disposition.

A permissible disposition under this record would have been to order the incompetent record of judgment to be removed from the files and record of the Clerk and returned to the sender.

For the reasons stated, the judgment of the Trial Court is modified to delete therefrom the words, "with prejudice" and, as modified the judgment is affirmed. Costs of this appeal are taxed equally, that is, one half of the appellate costs is taxed against appellant and one half of the appellate costs is taxed against appellee. The cause is remanded for any necessary further proceedings including collection of costs.

Modified and Remanded.

LEWIS and CANTRELL, JJ., concur.