NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0586n.06

No. 09-6097

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Sep 02, 2010**
LEONARD GREEN, Clerk

KAITLYN CALAWAY, a Minor, by Natural Mother )
and Next Friend, Kathleen Calaway,                        )
                                                                              )
     Plaintiff-Appellant,                          )
                                                                              )
v.                                                                            )   On Appeal from the United States
                                                                              )   District Court for the Western
JODI SCHUCKER,                                              )   District of Tennessee
                                                                              )
     Defendant-Appellee,                            )
                                                                              )
and                                                                           )
                                                                              )
                                                                              )
U.T. MEDICAL GROUP, INC.,                           )
                                                                              )
     Defendant.                                             )

Before:     BOGGS, SILER, and MOORE, Circuit Judges.

     BOGGS, Circuit Judge.  Kathleen Calaway (Calaway), acting on behalf of her daughter Kaitlyn, filed this diversity action against Dr. Jodi Schucker (Schucker). The district court concluded that the action was barred by the doctrine of *res judicata* and granted summary judgment to Schucker. Calaway now appeals the district court's judgment, claiming that the evidence before the district court did not establish that Calaway's claims had been resolved previously on the merits. We agree, and we therefore reverse the district court's judgment and remand to the district court for further proceedings.

**I**

Calaway's suit arises out of Schucker's alleged negligence during the birth of Calaway's daughter, Kaitlyn. On February 20, 1996, Calaway went into labor and was admitted to the Regional Medical Center at Memphis. At the time, U.T. Medical Group employed physicians and medical personnel who staffed the Medical Center, including Schucker. Shucker specialized in obstetrics and gynecology. At the time Calaway was admitted, Schucker was on duty as the University of Tennessee "in house" faculty member supervising the resident physicians.

After Calaway was admitted to the Medical Center, she was placed under the care of resident physicians and, eventually, Schucker. Allegedly as a result of negligent conduct by Schucker and her subordinates, Calaway experienced complications during labor that led her newborn daughter, Kaitlyn, to suffer severe and permanent injuries.

On January 31, 1997, Calaway filed suit, on behalf of her daughter, against the Medical Center and U.T. Medical Group in Tennessee circuit court. She proceeded on the theory that U.T. Medical Group and the Medical Center were vicariously liable for the negligence of their employees, including Schucker. Schucker was not a party to the action.

On June 16, 2002, U.T. Medical Group and Calaway entered into a Settlement Agreement and Release.[1] Pursuant to that agreement, the circuit court issued an "ORDER OF DISMISSAL WITH PREJUDICE AS TO THE DEFENDANT, UT MEDICAL GROUP, INC., ONLY," to which both parties consented. The order stated:

---

[1]This agreement is under seal with the Tennessee circuit court and has not been placed on the record in this case.

>        Come now the Plaintiffs and Defendant UT Medical Group, Inc., only, upon statements of counsel, and the entire record in this case, the Court finds that the matter against UT Medical Group, Inc., only, shall be and is hereby dismissed with prejudice, however, said dismissal specifically excludes any cause of action against Dr. Jodi Schucker, individually . . . .
>
> . . . .
>
>        IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this case is dismissed with prejudice as to UT Medical Group, Inc., only, and said dismissal excludes Dr. Jodi Schucker, individually . . . .

On September 13, 2002, Calaway filed the present action, on behalf of her daughter, against Schucker in the United States District Court for the Western District of Tennessee. Calaway sought to recover for Schucker's negligence in delivering Kaitlyn Calaway, which was some of the same conduct that she previously alleged in the suit against U.T. Medical Group.

Shortly after Calaway filed the action, Schucker moved for summary judgment on the grounds that the order of dismissal in Calaway's action against U.T. Medical Group gave rise to *res judicata*. The district court initially rejected this argument, concluding that the dismissal was not a judgment on the merits and thus did not give rise to *res judicata*. However, when Schucker renewed her motion for summary judgment in 2009, the district court changed its mind. The court concluded that intervening changes in Tennessee law–in particular, the decision of the Tennessee Court of Appeals in *Gerber v. Holcomb*, 219 S.W.3d 914 (Tenn. Ct. App. 2006)–had established that an agreed judgment of dismissal operated as *res judicata*. As a result, the court found that the order of dismissal in Calaway's case against U.T. Medical Group gave rise to *res judicata* and barred Calaway's claim against Schucker. The court therefore granted summary judgment to Schucker.

Calaway filed a Rule 59(e) motion to alter or amend the district court's judgment. On August 18, 2009, the district court issued an order denying that motion. The court acknowledged that it had been incorrect when it asserted that *Gerber* changed prior Tennessee law. Nevertheless, the court concluded that the order of dismissal in Calaway's case against U.T. Medical Group gave rise to *res judicata* because, according to the court, the record reflected the parties' intent to conclude that case on the merits. Calaway filed a timely appeal.

## II

On appeal, Calaway argues that the district court erred when it granted summary judgment in favor of Schucker. This court reviews a district court's order granting summary judgment *de novo*. *Havensure, L.L.C. v. Prudential Ins. Co. of Am.*, 595 F.3d 312, 315 (6th Cir. 2010). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The party moving for summary judgment bears the initial burden of identifying those parts of the record that demonstrate the absence of any genuine issue of material fact. *Havensure,* 595 F.3d at 315. Once the moving party has satisfied its burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009). A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In determining whether a genuine issue of material fact exists, "this court draws all inferences in the light most favorable to

the nonmoving party." *Havensure,* 595 F.3d at 315 (citing *Matsushita Elec. Indus v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Federal courts sitting in diversity must afford state-court judgments the same preclusive effect that they would have under the law of the state in which they were rendered. *Evans v. Pearson Enters.*, 434 F.3d 839, 849 (6th Cir. 2006). Tennessee recognizes the traditional doctrine of *res judicata*, which is "a claim preclusion doctrine that promotes finality in litigation." *Lien v. Couch*, 993 S.W.2d 53, 55 (Tenn. Ct. App. 1998). The doctrine bars "a second suit between the same parties or their privies on the same cause of action with respect to all the issues which were or could have been litigated in the former suit." *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). A party asserting *res judicata* must show that "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was final and on the merits, (3) the same parties or their privies were involved in both proceedings, and (4) both proceedings involved the same cause of action." *Lien*, 993 S.W.2d at 56 (citing *Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)). In this case, the parties dispute only whether Shucker has satisfied her burden with respect to the second element–that is, whether Shucker has provided sufficient evidence to establish that the judgment of dismissal in Calaway's action against U.T. Medical Group was a judgment "on the merits."

Tennessee law limits the extent to which a voluntary dismissal entered by consent of the parties is "on the merits" and gives rise to *res judicata*. Under Tennessee law, a voluntary dismissal normally does not prejudice the plaintiff's right to re-file the same action. *See* Tenn. R. Civ. P. 41.01; *Garrett v. Corry Foam Prods, Inc.*, 596 S.W.2d 808, 810-11 (Tenn. 1980). Further, the mere

fact that a court of law[2] grants such a dismissal "with prejudice" is insufficient to give the judgment

of dismissal claim-preclusive effect–in fact, "an order of dismissal 'with prejudice' should be treated

as a mere nonsuit and the words 'with full prejudice' disregarded as surplusage." *Garrett*, 596

S.W.2d at 809-10; *see also Agrolinz, Inc. v. Micro Flo Co.*, 202 F.3d 858, 861 (6th Cir. 2000)

(noting that Tennessee law provides that the "words 'with prejudice' incorporated into the stipulation

of dismissal are without legal significance and will not bar a subsequent suit.'"). This is so because

Tennessee has rejected the common-law rule of *retraxit*, *Garrett*, 596 S.W.2d at 809-10; *Patrick v.*

*Dickinson*, 526 S.W.2d 449, 452 (Tenn. 1975), under which "a dismissal by agreement of the parties

is equivalent to, and is treated as, a public renunciation on the part of the complainant of the claim

asserted by him in his pleading against the defendant, and he is thereafter estopped to bring it

forward again,"[3] *Lindsay v. Allen*, 82 S.W. 171, 174 (Tenn. 1904).

This does not mean, however, that a voluntary dismissal can never give rise to *res judicata.*

Rather, the "[t]he decisive test [for whether such a dismissal gives rise to *res judicata*] is whether

the judgment of dismissal was on the merits." *Garrett*, 596 S.W.2d at 810 (quoting *Long v. Kirby-*

*Smith*, 292 S.W.2d 216, 221 (Tenn. Ct. App. 1956)). This turns on the intent of the parties:

---

[2]Tennessee has preserved the distinction between courts of law and courts of equity, and courts of equity generally enjoy broad power to dismiss actions with or without prejudice. *Long v. Kirby-Smith*, 292 S.W.2d 216, 220-21 (Tenn. Ct. App. 1956).

[3]Additionally, under the rule of *retraxit*, "a judgment of dismissal, when based upon and entered in pursuance of the agreement of the parties, must be understood, in the absence of anything to the contrary, expressed in the agreement and contained in the judgment itself, to amount to such an adjustment of the merits of the controversy by the parties themselves through the judgment of the courts as will constitute a defense to another action afterwards brought upon the same cause of action." *Lindsay v. Allen*, 82 S.W. 171, 173 (Tenn. 1904) (quoting *United States v. Parker*, 120 U.S. 89, 95 (1887)).

> The extent to which a judgment or decree entered by consent is conclusive in a subsequent action should be governed by the intention of the parties as expressed in the agreement which is the basis of the judgment and gathered from all the circumstances, rather than by a mechanical application of the general rules governing the scope of estoppel by judgment.

*Long*, 292 S.W.2d at 220; *see also Agrolinz*, 202 F.3d at 861 (quoting *Long*, 292 S.W.2d at 220); *Lindsay*, 82 S.W. at 174 ("In some States, a dismissal by agreement is regarded as a bar to a subsequent suit on the same issues. [B]ut the better rule is that it must be affirmatively shown either that the dismissal or nonsuit was upon examination of the merits, or that the intention of the parties was to finally settle the controversy by the agreement, or to merge the cause of action in the judgment . . . ." (quotation marks and citations omitted)). Thus, under Tennessee law, a voluntary dismissal by consent of the parties may bar reassertion of a claim, but only to the extent that the parties intended the dismissal to resolve the merits of the claim and establish *res judicata*. *See Garrett*, 596 S.W.2d at 809 ("The subject order, in itself, and the remainder of the court record in which that order was entered demonstrate that it was not a determination of the plaintiff's right of action *on the merits*, unless the words 'with prejudice' can be held to have that effect.").

In this case, the district court relied on two pieces of evidence to conclude that Calaway intended the order of dismissal in her action against U.T. Medical Group to resolve Calaway's negligence claims on the merits. First, the court noted that Calaway and U.T. Medical Group requested the order of dismissal pursuant to a "Settlement Agreement and Release," though the district court did not actually review that agreement. Second, the district court focused on the language of the order of dismissal itself, noting that Calaway's "intention to renounce" her claims

against U.T. Medical Group was manifested by "the fact that certain parties including [Schucker] were excepted from the order of dismissal."

This constituted error. First, without knowing the contents of the Settlement Agreement and Release–which has never been placed on the record–it is impossible to determine if that agreement expressed an intent to resolve Calaway's negligence claims on the merits. *See Long*, 292 S.W.2d at 220 (indicating that the claim-preclusive effect of a judgment depends on the intent of the parties as expressed in the agreement that is the basis of the judgment). Settlement agreements frequently specify that the parties are not addressing the merits of the claims asserted. Further, in general, a release is merely the relinquishment of a claim, rather than a resolution of the merits of the claim. *See* 76 C.J.S. *Release* § 1 (2010); *cf. Richland Country Club, Inc. v. CRC Equities, Inc.*, 832 S.W.2d 554, 557 (Tenn. Ct. App. 1991) ("[A] release is a contract and rules of construction applied to contracts are used in construing a release. The cardinal rule is to ascertain the intention of the parties." (citations omitted)). Thus, the bare fact that Calaway and U.T. Medical Group requested the order of dismissal pursuant to a Settlement Agreement and Release does not show that Calaway and U.T. Medical Group intended the order of dismissal to resolve Calaway's claims on the merits. *See Long*, 292 S.W.2d at 218, 220-22 (finding that a voluntary dismissal "with full prejudice" entered pursuant to an agreement between the parties did not give rise to *res judicata* because the agreement preserved the plaintiff's right to reassert his claims).

Turning to the text of the order of dismissal, without knowing the contents of the Settlement Agreement and Release, that order provides little insight into the intent of the parties. The order merely provides that the dismissal is "with prejudice" as to U.T. Medical Group but "without

prejudice" as to several other parties, including Schucker. Indeed, this language suggests that Calaway and U.T. Medical Group did not intend the dismissal to resolve the merits of Calaway's claims or to establish *res judicata*, as it specifically provides that the dismissal does not prejudice Calaway's claims against Schucker (a privy of U.T. Medical Group). Moreover, without any evidence regarding the contents of the Settlement Agreement and Release, treating the dismissal order as a bar to Calaway's action would effectively look upon "dismissal by agreement of the parties [as] equivalent to . . . a public renunciation on the part of [Calaway] of the claim asserted by [her] in [her] pleading against the defendant." *Lindsay*, 82 S.W. at 174. In other words, it would convert the Tennessee circuit court's order into an impermissible *retraxit*. *See Garrett*, 596 S.W.2d at 808-10 (holding that a consent order of dismissal "with prejudice" did not give rise to *res judicata* because nothing in the record demonstrated that the dismissal was a determination of the plaintiff's rights "on the merits," and allowing the words "with prejudice" alone to render the decision "on the merits" would give the trial court the power to issue a *retraxit*).

As she did below, however, Shucker argues that *Gerber v. Holcomb*, 219 S.W.3d 914, "clarified" Tennessee law and "affirmatively resolved the issue of whether consent judgments are 'final judgments on the merits' for the purposes of applying *res judicata*." Appellee's Brief at 23. In *Gerber*, the Tennessee Court of Appeals held:

> Much like a judgment on the merits, an agreed judgment of dismissal in settlement of a controversy is "conclusive, not only on the matters actually raised and litigated, but it is also conclusive on every other matter that could have been litigated and decided as an incident to or essentially connected with the subject matter of the prior litigation."

219 S.W.3d at 917-18 (quoting *Freeman v. Cherokee Water Co.*, 11 S.W.3d 480, 483 (Tex. App. 2000)).

*Gerber* does not control the present case. Contrary to Schucker's contention, the term "agreed judgment of dismissal" in *Gerber* does not refer to the type of dismissal at issue in this case. Rather, Tennessee courts use the terms "agreed judgment" and "consent judgment" to refer to "a contract of record made by the parties to the agreement." *Tenn. Envtl. Council v. Water Quality Control Bd.*, 250 S.W.3d 44, 50-51 (Tenn. Ct. App. 2007). Such a contract is "entered on the records of the court as part of the decree" and establishes full *res judicata*. *Third Nat. Bank v. Scribner*, 370 S.W.2d 482, 486 (Tenn. 1963). The "agreed judgment of dismissal" addressed in *Gerber* was just this type of order: it provided that "the parties announced that Plaintiff may take a judgment for past due installments upon the Note which the Complaint is based each in the amount of Five Thousand [dollars] ($5,000.00) [and] that fourteen (14) installments [are] past due as of the date of the hearing September 20, 2001." *Gerber*, 219 S.W.3d at 916.[4] In contrast, the order in this case did not incorporate the terms of the agreement between U.T. Medical Group and Calaway, nor did it even reference that agreement.

Further, if *Gerber* did apply to the type of dismissal order at issue here, the decision would conflict with the Tennessee Supreme Court's ruling in *Garrett v. Corry Foam Prods, Inc.*, 596

---

[4]A second case cited by Schucker, *Patton v. Estate of Upchurch*, 242 S.W.3d 781 (Tenn. Ct. App. 2007), likewise dealt with a consent judgment that memorialized the parties' agreement on the record. In that case, the judgment provided that the parties "announced in open court that all issues and controversies had been settled," and that "the defendant had agreed to allow judgment to be entered against her in the amount of . . . ($251,000), which was accepted by the plaintiffs." *Id.* at 785.

S.W.2d 808. In *Garrett*, the Tennessee Supreme Court held that the "decisive test" for determining whether a judgment of dismissal gives rise to *res judicata* is whether "the judgment of dismissal was on the merits." *Id.* at 810 (quoting *Long*, 292 S.W.2d at 221) (emphasis added). In contrast, *Gerber* held that an agreed judgment of dismissal is "much *like* a judgment on the merits" in that it establishes *res judicata*. *Gerber*, 219 S.W.3d at 917 (emphasis added). This clashes with *Garrett*'s "decisive test" because it suggests that an order of dismissal should have claim-preclusive effect even though it does not resolve the merits of a claim. Accordingly, because "we must follow the decisions of the state's highest court when that court has addressed the relevant issue," *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (internal quotation marks and citation omitted), we would not consider *Gerber* authoritative even if it applied to the type of order at issue here.

We therefore conclude that Schucker did not produce sufficient evidence to show that Calaway and U.T. Medical Group intended the order of dismissal in Calaway's action against U.T. Medical Group to resolve the merits of Calaway's negligence claims. As a result, Schucker did not establish that she was entitled to summary judgment on *res judicata* grounds.

**III**

For these reasons, we REVERSE the judgment of the district court and REMAND to the district court for further proceedings.