IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 14, 2010 Session

## WONDIMU BORENA v. YELLOW CAB METRO, INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 08C-1165     Thomas Brothers, Judge**

---

**No. M2010-00580-COA-R3-CV - Filed December 1, 2010**

---

The former attorney for the plaintiff, who is seeking to recover a contingency fee pursuant to an attorney's lien she filed after her services were terminated, filed this appeal challenging the trial court's finding that the parties did not enter into a binding settlement agreement and the involuntary dismissal of the underlying personal injury action. The action was dismissed because the pro se plaintiff did not comply with orders of the court. The plaintiff's former attorney claims she has the independent right to enforce a settlement she negotiated, but which her client rejected, in order to recover a fee. The pro se plaintiff also seeks to set aside the involuntary dismissal of his case. Finding no merit to the arguments asserted on appeal, we affirm the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Jola Moore, Esq., Nashville, Tennessee, Pro Se.

Wondimu Kabtihyimer Borena, Nashville, Tennessee, Pro Se.

Richard Hedgepath, Erik O. Thorngren, and Wendy L. Longmire, Nashville, Tennessee, for the appellees, Yellow Cab Metro, Inc.; Tony and Rima Seman; and Muhammad Shaikh.

## OPINION

The plaintiff, Wondimu K. Borena, filed this personal injury action in April of 2008 against four defendants, Yellow Cab Metro, Inc., Tony and Rima Seman, and Muhammed Shaikh. He was represented by counsel when this action was filed but dismissed his first

counsel soon thereafter. Four months later, on August 15, 2008, Mr. Borena retained the services of the appellant, attorney Jola Moore, to represent him in this action.

At the commencement of their relationship, Mr. Borena and Ms. Moore entered into an Attorney Client Agreement prepared by Ms. Moore, which stated that she would represent Mr. Borena on a contingency basis.[1] During the course of the representation, Ms. Moore encouraged Mr. Borena to consider settlement of the action, however, Mr. Borena made it clear he wanted his case to proceed to trial. Following further discussions, which were due to Ms. Moore's concern that Mr. Borena "may unreasonably withhold authorization to settle the matter," Mr. Borena signed a hand-written document authorizing Ms. Moore to "settle my personal injury suit for the best dollar amount that she is able to negotiate." The handwritten authorization went on to state "I have decided that I do not have the means to take this case to trial. I, therefore, authorize Mrs. Moore to settle this case and I will accept the best settlement she can get." The document was dated August 6, 2009.

One week later, on August 13, Ms. Moore claims to have entered into an oral agreement with the defendants' attorney to settle Mr. Borena's claims for $12,000. A proposed written settlement agreement was subsequently drafted by defense counsel, which set forth the terms of the proposed settlement and a confidentiality agreement.

On August 17, Mr. Borena wrote a letter to Ms. Moore terminating her services as his attorney. Despite having received notice that her services had been terminated, Ms. Moore wrote a letter to Mr. Borena on August 26, 2009, advising him that she had reached a settlement on his behalf, that she intended to conclude the settlement, and that she would instruct the defendants' attorney to deposit the settlement amount with the clerk's office.

On September 9, 2009, Mr. Borena sent a letter to the circuit court, along with a copy of his August 17 letter to Ms. Moore, "requesting" that the court allow him to seek new counsel. A case management conference was held on September 23, 2009 which was attended by the counsel for the defendants and Ms. Moore, despite the fact that Mr. Borena had previously terminated her services. Mr. Borena did not attend the case management conference. At the conclusion of the conference, the trial court issued a scheduling order stating that the case would be set for trial unless Mr. Borena signed the settlement agreement in addition to a release and confidentiality agreement by October 23, 2009. Mr. Borena never signed the settlement documents.

---

[1]The Agreement also stated that if Mr. Borena terminated her services she would be compensated for services rendered to date at a rate of $250 per hour; however, if Ms. Moore withdrew, she was entitled to her expenses incurred in her representation of Mr. Borena but no fee.

On October 22, 2009, Ms. Moore filed a Motion to Withdraw and for Attorney Lien, in which she requested a lien in the amount of one-third of the $12,000 settlement. The trial court granted Ms. Moore's motion to withdraw and acknowledged that she was entitled to an attorney's lien, however, the court reserved the determination of the amount of the lien until the action was settled or tried.

Two months later, on December 23, the defendants filed a Joint Motion to Dismiss. The grounds for the motion were the failure of Mr. Borena to comply with the orders of the court and notices of depositions requiring him to complete his deposition.[1] The trial court granted the motion at a hearing on January 15, 2010 for the reasons stated by the defendants and due to the fact that Mr. Borena failed to appear or otherwise oppose the motion to dismiss. An order dismissing the action with prejudice was entered on February 3, 2010.

In the interim, on January 15, 2010, Ms. Moore filed an Interpleader and a motion for the court to uphold or approve the settlement that she negotiated with Yellow Cab, Inc. Following a hearing on January 29, 2010, the trial court denied Ms. Moore's motion.

Ms. Moore filed a notice of appeal from the order entered February 3, 2010 granting the defendants' motion to dismiss.

## ANALYSIS

Ms. Moore contends that the settlement agreement she negotiated with counsel for the defendants should be enforced because she had express written authority to settle Mr. Borena's claim for "the best dollar amount that she is able to negotiate." In response, the defendants contend that not only did Ms. Moore not have authority to settle the claim, she also lacks standing to bring this appeal as she was not a party to the action. We agree with the defendants on both issues.

"[W]here express authority is given to an attorney to compromise a matter by the client, the attorney's agreement to settle *within the terms expressed* will bind the client." *Fort Sanders Regional Med. Ctr. v. Collins*, No. 03A01-9202-CH-00041, 1992 WL 184682, at *1 (Tenn. Ct. App. 1992) (citing *Hart v. First National Bank*, 690 S.W.2d 53 (Tenn. Ct. App. 1985)) (emphasis added). The hand-written authorization Ms. Moore obtained from Mr. Borena dated August 6, 2009, states that Ms. Moore has authority to "settle my personal injury suit for the best dollar amount that she is able to negotiate," and "I will accept the best settlement she can get." That authorization, however, did not expressly state an amount nor did it state a range within which she could settle his claim; it simply authorized her to

---

[1]He attended the first day of his deposition but failed to return to complete the deposition.

negotiate a settlement for "the best dollar amount" or "the best settlement she can get." It also did not authorize her to enter into a confidentiality agreement that would prohibit him from disclosing the terms of the settlement, and we have found no authority that states a general, unrestricted authorization such as this can obligate a client to accept any settlement the attorney may agree upon.

Moreover, "an attorney cannot surrender substantial rights of a client, including an agreement to dismiss the litigation thereby permanently barring a client from pursuing his claim, without the express authority of the client." *Austin Powder Co. v. Thompson*, No. 03A01-9507-CV-00225, 1996 WL 73815, at *5 (citing *Davis v. Home Ins. Co.*, 155 S.W. 131 (Tenn. 1912); *Long v. Kirby-Smith*, 292 S.W.2d 216, 222 (Tenn. Ct. App. 1956)). We do not believe the authorization at issue here provided sufficient detail or parameters to constitute the type of "express authority" required to empower Ms. Moore to bind Mr. Borena to a full and final settlement of all of his claims.

Of greater significance is the fact that our Rules of Professional Conduct make clear that the ultimate decision to settle falls within the client's discretion. *See* Tenn. R. Sup. Ct. Rule 8, RPC 1.2, cmt. (1). While a client may authorize an attorney to take action on the client's behalf without further consultation, "a lawyer may not rely on any advance authorization if there has been such a material change in circumstances known to the lawyer that the client's prior authorization can no longer be regarded as an adequately informed decision." *Id*. cmt. (4). Moreover, this authority may be revoked *at any time. Id.*

We also find significant, and admittedly troubling in light of Tenn. R. Sup. Ct. Rule 8, RPC 1.2, what occurred after Mr. Borena wrote his letter, dated August 17, terminating Ms. Moore as his counsel. Ms. Moore does not dispute receiving the letter, and the termination of her services was unequivocal, yet a week after receiving his letter, Ms. Moore wrote Mr. Borena advising him that she was going to instruct the attorney for the defendants to deposit the settlement amount with the clerk's office.

As for the standing issue, we find that Ms. Moore does not have standing to bring this appeal. An attorney's lien in this action was recognized by the trial court, however, the court stated that the amount of the lien was to be determined when the action was resolved or settled. The resolution of this case was the dismissal of the action; thus, Ms. Moore is entitled to nothing.

Generally, an attorney must commence a separate proceeding to enforce her contractual right to a fee. *Starks v. Browning*, 20 S.W.3d 645, 652 (Tenn. Ct. App. 1999). The only exception to this is when "the money or property upon which the lien is to be enforced comes within the control of the court in the case in which the services were

rendered." *Id*. at 653 (citing *State v. Edgefield & Kentucky R.R.*, 63 Tenn. 92, 97 (1874); *Palmer v. Palmer*, 562 S.W.2d 833, 839 (Tenn. Ct. App. 1977)). There is no money or property here as the case was dismissed. Thus, Ms. Moore does not fall within this exception and had no standing to enforce the attorney lien's within this action or bring this appeal.

## ISSUES RAISED BY MR. BORENA

Although Mr. Borena did not file a notice of appeal of the dismissal of his case, he filed a brief seeking to raise the following issues:

> 1. Since I was not aware of the trial and since I later wrote a letter to the trial judge explaining my situation, are there other things I need to do in this regard?

> 2. Am I responsible for the transcript that was developed at the trial since I had no input in that transcript.

> 3. Did the defendants' lawyers act in good faith when they sent me in December 2009 a date for June 2010 for trial of a jury hearing and later sent me a January 15, 2010 court hearing.

> 4. Did the trial judge at the circuit court handle my case properly when I wrote to him asking for a March or April 2010 jury hearing and he did not respond to me.

> 5. Did the insurance company for the defendants act in good faith when they led me to believe that they would settle with me by replacing my car, paying my medical bills, and compensate me for my downtime.

Some of the issues raised by Mr. Borena are not subject to our review; those that are subject to our review pertain to the propriety of the involuntary dismissal of his complaint. Pursuant to Tenn. R. Civ. P. 41.02(2), if the trial court grants a motion for involuntary dismissal, "the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." The trial court did just that and we find the trial court's decision based upon those facts and conclusions of law was appropriate.

We are sympathetic to Mr. Borena's frustration in this matter; nevertheless, based upon our review of the record, we find no basis upon which to grant any relief to Mr. Borena in this appeal. Accordingly, the involuntary dismissal of his complaint is affirmed.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against attorney Jola Moore for which execution may issue if necessary.

_____
FRANK G. CLEMENT, JR., JUDGE