IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 8, 2017 Session

## DANNY E. GILLIAM v. FRANCES A. BLANKENBECLER

**Appeal from the Circuit Court for Washington County**
**No. 35366     Jean A. Stanley, Judge**

_____

**No. E2017-00252-COA-R3-CV**

_____

This case involves the dismissal, on the basis of res judicata, of the plaintiff Danny Gilliam's breach of contract case against the defendant Frances Blankenbecler. In an earlier case involving the same parties, the trial court dismissed the plaintiff's complaint based upon his failure to comply with the court's order to provide discovery responses. The order of dismissal in that first case did not state whether the dismissal was with or without prejudice. After the plaintiff refiled the same case, the trial court dismissed the case on the basis of res judicata. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and THOMAS R. FRIERSON, II, JJ., joined.

Thomas C. Jessee, Johnson City, Tennessee, for the appellant, Danny E. Gilliam.

Douglas J. Carter and Adam J. Haselsteiner, Johnson City, Tennessee, for the appellee, Frances A. Blankenbecler.

## OPINION

## I.

The plaintiff and defendant entered into an oral agreement to jointly purchase real property. The defendant allegedly failed to pay his share of the down payment and failed to contribute his share of mortgage payments and repairs. The plaintiff filed a breach of contract action alleging that the defendant had breached their oral contract and the terms

of the purchase and sales agreement for the property.

During the course of the first case, the defendant filed a motion to compel discovery. The court granted the motion and ordered the plaintiff to provide discovery responses within fifteen days. The plaintiff failed to provide the court-ordered responses.

Rule 37.02 governs sanctions for failure to comply with a discovery order. The rule states, in pertinent part, as follows:

> If a . . . party . . . fails to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> *     *     *
>
> (C) An order . . . dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

The defendant filed a motion to dismiss based upon the plaintiff's failure to comply with the discovery order. The Honorable Thomas Seeley was then the trial judge. He granted the motion and dismissed the case, making the following findings:

> The Court previously issued an Order stating that if Plaintiff did not respond to discovery requests that were submitted to Plaintiff in April, 2014 by December 18, 2014 that this matter would be dismissed. Based upon statements of Defendant's counsel, made without contradiction, Plaintiff did not provide any responses to discovery.

The court's order did not state whether the dismissal was with or without prejudice.

Tenn. R. Civ. P. 41.02 governs the effect of an involuntary dismissal and states the following:

> (1) For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.
>
> *     *     *
>
> (3) Unless the court in its order for dismissal otherwise

specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

Following the dismissal of the first case, the plaintiff refiled the same complaint. The defendant again filed a motion to dismiss, this time on the ground of res judicata. According to the defendant, under Tenn. R. Civ. P. 41.02(3), because the court's previous dismissal did not state otherwise, it operates as an adjudication on the merits. The plaintiff argued that the prior dismissal was not on the merits and that res judicata should not bar the action.

By the time the defendant's motion came on to be heard, the Honorable Jean Stanley was presiding. She granted the defendant's motion. In finding that res judicata applies to bar the plaintiff's subsequent case, the trial court held as follows:

> It appears to the Court that Judge Seeley's dismissal was caused by Plaintiff's failure to cooperate and maintain contact with Counsel to provide responses to discovery despite a Court Order requiring Plaintiff to do so. In the absence of a declaration by Judge Seeley that the dismissal was without prejudice this Court finds the matter was dismissed on the merits and Defendant's motion is well taken.

The plaintiff appeals.

## II.

The issue presented is whether the trial court erred in dismissing the plaintiff's case on the basis of res judicata. "A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012).

## III.

### A.

Res judicata "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (Tenn. 2012). To establish the defense of res judicata, the moving party must

demonstrate the following:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998); *see also Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990).

*Jackson*, 387 S.W.3d at 491.

## B.

On appeal, the plaintiff argues that the first judgment should not constitute an "adjudication on the merits." He claims that giving the first dismissal preclusive effect to bar his case would be unjust. The plaintiff's argument focuses on cases dismissed for failure to prosecute or for procedural violations rather than cases for failure to obey an order of the court. Those cases and the instant case are clearly distinguishable. As noted by the plaintiff, "[t]his [C]ourt has noted that judges have an obligation to specify that an order involuntarily dismissing a case is not on the merits 'in all cases in which a palpable and unjustified injustice would result from dismissal with prejudice.' " *Mitchell v. Hutchins*, No. M2004-01592-COA-R10-CV, 2006 WL 287372, at *3 (Tenn. Ct. App., filed Feb. 6, 2006) (quoting *Randle v. Lyle*, 682 S.W.2d 219, 221 (Tenn. Ct. App. 1984)). We do not find that dismissal of this case would result in a "palpable and unjustified injustice."

"Tennessee courts . . . have long maintained that trial courts have broad discretion in imposing procedural sanctions in order to preserve the integrity of the discovery process." *Tatham v. Bridgestone Americas Holding, Inc.*, 473 S.W.3d 734, 742 (Tenn. 2015). "[T]rial judges have the authority to take such action as is necessary to prevent discovery abuse." *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 122, 133 (Tenn. 2004). "The trial courts of Tennessee must and do have discretion to impose sanctions such as dismissal in order to penalize those who fail to comply with the rules and, further, to deter others from flouting and disregarding discovery orders." *Holt v. Webster*, 638 S.W.2d 391, 394 (Tenn. Ct. App. 1982). "[T]he effectiveness of discovery and procedural rules would diminish if trial courts lacked ample authority to sanction their violation." *Langlois v. Energy Automation Sys., Inc.*, 332 S.W.3d 353, 357 (Tenn. Ct. App. 2009).

"There are compelling reasons to dismiss a party's claims when the trial court determines sanctions are necessary." *Id.* "A dismissal for failure to comply with a discovery order is an extreme sanction, but the trial court's decision will not be disturbed

by this court in the absence of an affirmative showing that the trial court abused its discretion." ***Murray v. Miracle***, No E2010-02425-COA-R3-CV, 2011 WL 13165396, at *5 (Tenn. Ct. App., filed Sept. 8, 2011).

"A trial court acts outside its discretion in dismissing a case for discovery abuse when there is no record of 'willful or dilatory conduct,' . . . or when the non-moving party's failure to respond to discovery was not sufficiently 'contumacious.' " ***American Exp. Centurion Bank v. Lowery***, No. E2011-01247-COA-R3-CV, 2013 WL 937831, at *5 (Tenn. Ct. App., filed March 11, 2013). "Contumacious conduct" is defined as "willful disobedience of a court order." Black's Law Dictionary 337 (9th ed. 2009). Conduct is "dilatory" if it is "tend[s] to cause delay." Black's Law Dictionary 522 (9th ed. 2009).

In the first case, the order of dismissal demonstrates that the plaintiff failed to respond by December 18, 2014, to discovery requests submitted in April 2014. The record also demonstrates that the plaintiff disobeyed a court order to provide responses by the same date. Based upon the record before us, the plaintiff's conduct was contumacious in that he willfully disobeyed a court order to provide discovery responses by a specified date. His conduct was dilatory because it delayed the case for a period of eight months. The plaintiff fails to provide any justification for the delay in providing discovery responses or for his disobedience of the court order. Tenn. R. Civ. P. 37.02 authorizes the action by the trial court. The plaintiff fails to make an affirmative showing of how the court in the first case abused its discretion in dismissing the case for failure to comply with the court's order. The record is clear that the plaintiff failed to provide discovery responses despite a court order to do so. Based upon the record, this failure was willful. We find no abuse of discretion in the dismissal of the first case for failure to comply with the discovery order.

**C.**

In summary, Tenn. R. Civ. P. 37.02 authorizes dismissal as a sanction for failing to comply with a discovery order. Based upon the plaintiff's contumacious and dilatory conduct, the court in the first case did not abuse its discretion by dismissing the case for failing to comply with the discovery order. Tenn. R. Civ. P. 41.02 provides that an order of dismissal is *an adjudication on the merits* unless: (a) the order specifies otherwise; (b) the dismissal is for lack of jurisdiction; (c) the dismissal is for improper venue; or (d) the dismissal is for lack of an indispensable party. (Emphasis added.) In this case, the underlying order does not specify that it is without prejudice. Additionally, the case was not dismissed for lack of jurisdiction, improper venue, or lack of an indispensable party. Accordingly, under Rule 41.02, the first order of dismissal is an adjudication on the merits.

Each element of res judicata has been established to bar the plaintiff's case. The

judgment in the first case was rendered by a court of competent jurisdiction, and this case clearly involves the same parties and the same cause of action. Those elements are not at issue in this case. Rule 41.02 countenances a holding that the first order of dismissal is an adjudication on the merits. We hold that the elements of res judicata have been established to bar the plaintiff's second filling. The trial court did not err in dismissing the plaintiff's case on the basis of res judicata.

## IV.

The judgment of the trial court is affirmed. The costs on appeal are assessed to the appellant, Danny E. Gilliam. This case is remanded for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE